F. D. PINCHAM v. J. F. DICK ET AL.

Decided October 25, 1902.

**1.—Practice on Appeal—Assignment of Error—Exception to Pleading.**

Where the record fails to show any ruling on a special exception addressed to the pleadings, an assignment which attempts to raise the question will be overruled.

**2.—False Imprisonment—Vindictive Damages—Evidence of Good Faith.**

In an action of false imprisonment wherein vindictive damages are claimed, evidence is admissible to show that defendants acted in good faith in making the arrest of plaintiff.

**3.—Same—Medical Expenses—Reasonableness.**

A requested charge authorizing a recovery of any sum incurred or paid by plaintiff for medical attention made necessary by the false imprisonment was properly refused where it did not require that the expenditure should be reasonable.

**5.—Same—Mental Anguish—Question for Jury.**

Evidence of false imprisonment by an arrest made through mistake and with only a gentle and brief detention of plaintiff, held not to warrant a charge on vindictive damages; and if there was error in the failure to charge upon that issue, it was harmless, since plaintiff recovered no actual damages.

**6.—Same—Mental Anguish—Question for Jury.**

As to whether the mental pain suffered by plaintiff because of the false imprisonment was of such nature and magnitude as entitled him to compensation in money, was peculiarly a matter for the jury.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*J. M. Richards* and *Theodore Mack,* for appellant.

*D. M. Alexander,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Action by appellant for false imprisonment, in which exemplary as well as actual damages were claimed. To the answer pleading the circumstances attending the arrest a special exception was addressed, but the record fails to show any ruling on the exception, and as the court instructed the jury that the arrest, if made, was unlawful, the assignment which attempts to raise this question must be overruled.

The evidence of good faith on the part of those making the arrest, to the introduction of which objection was made, was admissible on the issue of vindictive damages tendered by appellant.

There was no error in refusing appellant's special charge submitting as an item of recovery the sum of $25 paid for medicines and medical attention, because, if for no other reason, this charge failed to require the jury to find this amount to have been reasonable. The refused charge, after stating that appellant "sues for the sum of $25, which he alleges was necessarily spent and incurred by him for medicines and medical attention, incurred by reason of the alleged detention," was as

follows: "And in this connection you are instructed that if you believe from the evidence that plaintiff employed a physician, or expended money for medicines or medical attention, and that the same was incurred by reason of the said action of the defendants, * * * then you will find for the plaintiff such sum as you find that he has so incurred or expended, if any," thus making the amount actually expended, whether reasonable or unreasonable, the measure of recovery. Railway v. Warren, 40 S. W. Rep., 6, 39 S. W. Rep., 652.

We approve the charge instructing the jury that the evidence did not warrant vindictive damages, but if the court erred in giving this charge no harm resulted therefrom, because appellant failed to recover any actual damages.

This brings us to the eighth and last assignment, complaining of the court's refusal to grant a new trial on the ground that "the uncontradicted evidence of plaintiff, wife, and son, shows he suffered great bodily and mental pain and sickness by reason of the alleged action of defendants." No complaint is made of the verdict and judgment on the ground that appellant was entitled to recover general or even nominal damages, and we have therefore only to consider whether the evidence on the issue of special damages covered by the assignment was such as to require the jury to find in favor of appellant.

It appears from the testimony that appellant had been in bad health for a long time before the arrest, and that at the trial his health was about as good as usual. True, the testimony of himself, wife, and son tended to show that he became worse immediately after the arrest, and would perhaps have warranted a finding that this was the result of the arrest, but the jury were not required to so find. That sickness may have followed the arrest was at best but a circumstance tending to prove, though it did not establish, that it resulted therefrom, for "Propter hoc, ergo hoc" is a common fallacy. Besides, the testimony of the attending physician tended to rebut the inference that sickness or bodily suffering was due to the arrest.

As to the mental pain, whether it was of such nature and magnitude as entitled appellant to compensation in money was peculiarly a matter for the jury. The case ought to be a very strong one to warrant an appellate court in disturbing a verdict on such an issue, resting as it does, in the nature of things, almost entirely within the discretion of the jury. The circumstances attending the arrest were not such as to necessarily or greatly humiliate appellant, but on the contrary might very well have been treated by him as bringing the case within the domain of the ludicrous. It seems that some one had been throwing rocks from the bushes at a woman in appellant's neighborhood, and some of the appellees, in the commendable effort to detect the wrongdoer, came unexpectedly upon him early one morning out in his pasture under circumstances which seem to have excited their suspicions, and he was consequently then and there gently detained a little while for investigation. It very soon developed, however, that he was entirely innocent, for it

was found the rocks had been thrown by the daughter-in-law of the woman in question, a widow, for her own amusement, and the matter was at once dropped. The jury probably concluded that appellant had taken altogether too serious a view of the matter,—that he should have treated it more in the nature of comedy than tragedy, and thus dissipated with laughter the mental ills so largely under the control of his imagination.

The judgment is therefore affirmed.

*Affirmed*