## MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY OF TEXAS v. D. J. WARREN.

### Decided April 5, 1897.

1. **Charge—Jury Confined to the Evidence.**

When a general instruction is given the jury to make their findings from the evidence, applied to the law as given in the charge, an instruction to assess damages at such sum as they believed would be a fair and reasonable compensation was not erroneous for failing to confine them to such damages as were shown by the evidence.

2. **Error—Damages—Remittitur in Supreme Court.**

When medical expenses were submitted as an element of damages for personal injuries, under evidence showing that the physician had charged plaintiff $150 but without proof as to the reasonable value of the services, the error was cured by remitting that amount in the Supreme Court after writ of error was obtained, costs being adjudged against defendant in error.

ERROR to Court of Civil Appeals, Second District, in an appeal from Tarrant County.

A former judgment in this case was reversed on appeal (32 S. W. Rep., 578.) On a second recovery by plaintiff, affirmed on appeal, defendant obtained writ of error, alleging as ground therefor that the court erred in not sustaining its complaint of the charge given, which instructed the jury to assess damages, in case of recovery, "at such sum as you believe will be a fair and reasonable compensation to the plaintiff for any loss," etc., because such charge did not limit the jury to such sum as they might find from the evidence, but allowed them unbridled license in the matter. The jury were elsewhere instructed to make their findings from the evidence, applied to the law given them in charge; and the Court of Civil Appeals held the assignment not well taken. (39 S. W. Rep., 652.) Error was also assigned upon the ruling on the submission of the physician's bill of $150, as an element of damages, in the absence of evidence that the charge was reasonable, and defendant in error filed, in the Supreme Court, a remittitur of that amount.

*T. S. Miller,* and *Stanley, Spoonts & Thompson,* for plaintiff in error. —The court erred in the eleventh paragraph of its charge in telling the jury, if they found in favor of plaintiff, to assess the damages at such sum as they believed would be a fair and reasonable compensation to plaintiff for the physical injuries and mental suffering, and such sum as they believed would be a fair and reasonable compensation to plaintiff for any loss of time or diminished ability to labor, and such as they believed would compensate him for his physician's bills. Said charge was erroneous in that it did not confine the jury to what they should find from the evidence, but left it to their broad and unlimited discretion. Railway v. Worthy, 29 S. W. Rep., 377; Railway v. Schrader, 1 White & W. C. C., 1148.

In the absence of testimony showing what was a reasonable charge for

the services of the physician, appellee should not have been allowed to recover.    80 Texas, 73.

*Ross & Chapman,* for defendant in error.—It is sufficient if the charge, taken as a whole, tells the jury that they must make their findings from the evidence, and it is not necessary for the court, in submitting each particular issue to the jury, to tell them that they must look to the evidence.

GAINES, CHIEF JUSTICE.—This is a suit for personal injuries and was brought by defendant in error against the plaintiff in error.

The petition for the writ of error presented substantially but two grounds for the writ; one upon the charge of the court, and the other as to the sufficiency of the evidence to warrant an instruction authorizing the jury, in case they found for the plaintiff, to give him damages for expenses incurred for the treatment of his injuries.    When we passed upon the application we thought, and we still think, that the question presented in the first assignment in this court was correctly decided by the Court of Civil Appeals, but we were of the opinion that the evidence was not sufficient to warrant a recovery for the charges contracted by the plaintiff by reason of the treatment of the physician.    The only testimony upon that point was that of the plaintiff, which showed merely that the physician charged him $150 for his services.    We thought the reasonable value of such services should have been proved.    But since the writ of error was granted, the plaintiff, now the defendant in error, has filed a remittitur of $150, which was the only sum claimed for such services in the petition and which was the only sum which the evidence tended in any manner to show had been incurred on that account.    This purges the error, and hence the judgment less the sum remitted is affirmed; but the defendant in error is adjudged to pay both the costs of this court and those of the appeal to the Court of Civil Appeals.

*Affirmed less amount remitted.*