## Nicolas Keipp v. The State.

### No. 3441.　Decided May 1, 1907.

**1.—Theft of Property Over the Value of $50—Stenographic Report—Bills of Exception.**

In the absence of some proper index of appellant's bills of exception in the stenographic report, and the proper condensation of same, the court will not review and look through an entire record in order to ascertain where the bills of exception are to be found.

**2.—Same—Charge of Court—Criterion of Value—Market Value.**

Where in a prosecution for theft the evidence showed that there was no market value of the alleged stolen goods in the county of the prosecution where the same were alleged to have been stolen, and resort was had to evidence on which the jury could infer value in that county, and a charge was given according to this phase of the evidence, there was no error.

Appeal from the District Court of Jeff Davis. Tried below before the Hon. B. C. Thomas.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Hays,* for appellant.—On question of value: Clark v. State, 23 Texas Crim. App., 612; Lee v. State, 27 Texas Crim. App., 475.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of theft of property over the value of $50, and his punishment assessed at confinement in the penitentiary for two years; and prosecutes this appeal.

The testimony is of a circumstantial character, and tends to show, on the part of the State, that prosecutor, J. L. Powers, who was an engineer, doing work for a railroad company in Jeff Davis County, was waiting to take a train; he had his level that he used in his business in a box; he was absent awhile, and when he returned to take the train he missed his level from the box. Prosecutor suspected appellant, who was also waiting to take a train, and telegraphed to El Paso. The officers at El Paso arrested appellant, and found him in possession of the level. Appellant's theory, which he testified to himself, was that a man, at the station where he was, brought him the level and sold it to him, and that he did not take it. There was evidence pro and

con as to value, the testimony for the State showing that the instrument was worth $75. It was also testified that the instrument had no market value at the place where taken; its value was derived from price lists of instruments sold in the general market, and the value of such an instrument in good condition at second-hand, and there is testimony as to what such an instrument could be supplied for at the point where stolen. Appellant introduced evidence tending to show that such an instrument at second-hand was not worth more than $40 or $50. We notice in appellant's brief that he refers to some pages of the transcript; that is, the stenographer's report, and the statement of facts, as to bills of exception that he should have taken with reference to proof of the value of said instrument. We wish to state that while we find the stenographer's report paged and indexed, we do not find any bills of exception so indexed, and in looking through the transcript we do not find the bills of exception taken and condensed in such shape as to properly present the questions which appellant seems to rely on in his brief. If counsel will insist on trusting to a stenographer's report, as to bills of exception, he must take the chances incident to such report, and, as heretofore stated, we will not, in the absence of some proper index of these bills, and the proper condensation of same, review and look through an entire record in order to ascertain where the bills are to be found. However, in this case, appellant undertakes to refer us to certain pages of the transcript, where he says it will be found that the court erred in refusing to admit the current listed prices of the same make of level as that alleged to have been stolen, as shown by catalogs of standard companies, and also by refusing to admit a letter showing that reductions are made from listed prices, and refusing to allow the witness Moss to give his opinion as to the value of the part of the level alleged to have been stolen as to the catalog price of the level. We are referred to pages 10 and 16, lines 18 to 28, and 1 to 21, page 16. We notice that on page 12, that prosecuting witness testifies it was worth $75, and that he arrived at the conclusion from the fact that it was in good condition, and a good level and has never been abused. The witness further states that he brought a book of catalog prices with him in order to enable him to determine the price.

On pages 15 and 16, it appears the district attorney made the following objection: "We object to the introduction of the catalog. It is not competent evidence." Mr. Hays: "The gentleman has testified that he thought the tripod could be bought for $10 and I am showing, here is an instrument that he claims is the identical instrument that is there. In arriving at the value of an instrument any evidence is admissible that may tend to show the market value of an instrument in the county where the trial is being carried on, but in arriving at the market value any kind of testimony can be brought before the jury in order to show what the market value is." Court: "I will sustain the objection." Mr. Hays: "I will save an exception." Subsequently, the quotation prices in the book were offered by appellant. The State

objected, that the same is immateriàl.  Mr. Hays for appellant stated:
"I would like to say that he is basing his knowledge as to the price of
the level upon the quotations in this catalog, and that the level, which
includes the tripod, is listed at $115.  I want to show the value of the
tripod in the same way so that the value of the tripod may be taken
from the value of the level.  There is no allegation that the tripod was
stolen."  Court: "I sustain the objection."  Mr. Hays: "We ex-
cept."  What is excepted to it is difficult to tell, and no ground is stated.
We notice that this witness subsequently states that the value of the
tripod was $10 or $12 as given in the price list.  So far as we are able
to discover, the price list of these articles in the testimony of these
witnesses was referred to and afforded the basis of their testimony as to
values.

On page thirty-eight, of the transcript, we note that appellant's coun-
sel made this statement: "I .would like to introduce a letter showing
that they do give a discount.  (Letter is submitted to the court and
to the State for examination.)  The State objects.  Objection is sus-
tained.  Then the witness was asked, "Now, Mr. Boedeker, what would
be a ten or fifteen per cent. discount on $115?  Ten per cent. discount
would be about $11.50?  A.  Yes, sir.  Q.  Fifteen per cent. discount
would be about $16?  A.  Yes, sir."  It is not shown here the char-
acter or nature of the letter and by whom it was written or to whom
it was written, and, of course, the relevancy of this letter is not shown,
and as presented it was not admissible.  However, looking through this
record it does show that the price lists were referred to and used in
testimony by the witnesses and afforded a basis by which they fixed the
price of the instrument.  In this we discern no error, and we further
note that the witnesses above, for the State and defendant, were per-
mitted to give their opinions in effect in fixing the value of the al-
leged stolen level.

Appellant questions the charge of ·the court, because he says the
court erred in limiting the market value to the place where it is alleged
to have been taken, and by refusing to give appellant's special charge
number 2, which called the attention of the court to the fact that the
market value is not limited to some remote place where taken, but to
the county in which the trial of theft for same is being conducted.  We
have examined the court's charge on this subject, and in our opinion
it gave to the jury a proper criterion as to the value of said level. . On
the subject of value, the court instructed the jury as follows:  "You are
instructed that the standard by which you are to judge the value of
the engineer's level is the market value of said level (not including any
parts which were not taken) at the time and place the level was taken
(if it was taken) in its condition at that time, that is, what it would
sell for in cash, if it had a market value at the time and place taken.
But if the engineer's level did not have a market value at the place
where it was taken (if it was taken), then the standard by which you
are to judge the value of said level is the amount that it would have

cost to replace it, taking into consideration the condition of the level at the time and place taken (if taken) and not including any parts which were not taken." See Martinez v. State, 16 Texas Crim. App., 122; Cannon v. State, 18 Texas Crim. App., 172; Cooksie v. State, 26 Texas Crim. App., 72, and McBroom v. State, 2 Texas Ct. Rep., 179-80.

We notice that appellant has referred us to Clark v. State, 23 Texas Crim. App., 612. In that case it seems to have been held that where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had, including proof of value in that county. Whatever may be said as to the rule laid down in that case, the taking was in Jeff Davis County and the trial was in that county, and the proof here tended to show that there was no market value in said county, and resort was had to evidence from which the jury could infer value in that county. The level appears to have had no market value in Jeff Davis County, and resort was then had to the reasonable value to the prosecutor of such property in the county where stolen and where the prosecution was pending. We understand this to be the correct rule, and the proposition invoked in Clark's case, conceding that is the correct rule, was not applicable to this case. In our opinion, the question of value was fairly submitted to the jury, and while there was testimony pro and con on that subject, the jury found the level to be over $50, and they were amply authorized to do so. The court properly gave an instruction on appellant's explanation when he was found in possession of the alleged stolen property, and the jury found against him in favor of the State on his explanation, and they were warranted in doing so.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*