JESS CLOSE v. THE STATE.

No. 4437. Decided February 24, 1909.

1.—Theft—Felony—Misdemeanor—Value.

Upon trial for theft of property of the value of $50 or over, where there was no evidence to show what the real value of the goods was, either in the market or for the purpose of replacing them or even for what they could be sold at, the conviction could not be sustained for felony.

2.—Same—Charge of Court—Accomplice.

Where upon trial for theft the charge of the court failed to apply the law to the facts of the case, and to instruct the jury that the testimony of the accomplice must be considered by them as true, the same was defective.

3.—Same—Charge of Court—Same Transaction.

Where upon trial for theft the evidence raised the issue as to whether the

taking of the property was a continuous transaction the court erred in refusing a charge upon this issue.

Appeal from the District Court of Dallam. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of theft of the value of $50 or over; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Tatum & Tatum,* for appellant.—On question of value: Wills v. State, 40 Texas, 70; Smith v. State, 44 S. W. Rep., 520; Martinez v. State, 16 Texas Crim. App., 122; Cannon v. State, 18 Texas Crim. App., 172; Sands v. State, 30 Texas Crim. App., 578. On question of continuous transaction: Barnes v. State, 43 Texas Crim. Rep., 355, 65 S. W. Rep., 922; Cody v. State, 31 Texas Crim. Rep., 183, 20 S. W. Rep., 398.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for theft of property over the value of fifty dollars.

The evidence shows that appellant, Lambert and Floyd went into a railroad car at night and carried away quite a lot of blacksmith tools and other things. The separate value of the articles being set out in the indictment. The evidence adduced made it a question as to whether the property was over or under the value of fifty dollars. Appellant urged objections to the character of proof offered in regard to the value. Pyle testified in regard to the anvil and other blacksmith tools as to the value and character of the goods with which he was acquainted, and stated, among other things, that the goods spoken of were of a higher grade or quality than those shown to have been taken. The evidence further discloses that the goods taken were bought of and shipped by Sears, Roebuck and Company to Wilson, and that such character of goods handled and sold by Sears, Roebuck and Company were of a much inferior quality compared with the goods about which Pyle testified. In fact the witnesses who testified in regard to most of the articles stated they were not acquainted with the market value of the goods, if in fact they had any market value. Some of them were reasonably shown to have a market value, but the amount in the aggregate of those goods was very small. There was no evidence offered to show at what price the goods could be replaced. We are of opinion the contention of appellant is correct that the evidence introduced was not of the character authorized or required, and that the criterion was not such as the law justified. See Martinez v. State, 16 Texas Crim. App., 122. As we understand this record, there was no evidence introduced or sought to be introduced to show what the real value of the goods was, either in

the market or for the purpose of replacing them, or even what they could be sold at in that market. This was a very important factor in determining the value of the goods as to whether this was a felony or a misdemeanor. The court instructed the jury in accordance with the above views, that the proper measure of value would be the fair market value at the time and in the county where they were taken, but if the kind and class of goods taken have no market value at the time and in the county where they were taken, then the sum of money it would cost to replace the goods taken would be the rule to govern in determining the value. As before stated, no witness undertook to state the market value of goods of the character taken, but they fixed the criterion of market value for a much higher grade of goods and there was no evidence showing or tending to show what it would cost to replace the goods. As the record presents these matters, we think there is no sufficient testimony in regard to the value and that the criterion fixed by the witnesses was not legal, and exceptions to the introduction of this evidence were correct.

Appellant reserved an exception also to the court's charge in regard to accomplice testimony. That portion of the charge is as follows: "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense." Then follows the definition of the word accomplice. This charge nowhere undertakes to apply the laws to the facts of the case, nor does it undertake to tell the jury that the testimony of the accomplice must· be considered by them as true. This charge was defective under the decisions of this court.

Appellant also asked the following charge, which we think should have been given: "You are charged as the law applicable to the facts in this case that, if you believe from the evidence beyond a reasonable doubt that the defendant is guilty of the theft of the property alleged in the indictment, and that the value of said property is fifty dollars or over, yet as the State's witness J. E. Lambert is an accomplice in this case, you can not convict the defendant of a felony upon the testimony of the witness Lambert unless he is corroborated by other evidence tending to connect the defendant with the crime so as to constitute the taking of the property alleged in the indictment to have been taken at one time or in such manner as to constitute the taking of said property one continuous transaction." This charge points out to the jury the fact that Lambert was an accomplice, which his testimony demonstrates, if it is true, for he states in his testimony that he assisted in taking the goods, and that himself, appellant and Floyd took and carried the goods away. The court's charge failed to point out or designate who were accomplices in the case, and the

charge also calls the court's attention to another phase of the case which we think made it incumbent upon the court to give this charge; that is, it is a serious question in the case whether the property was all taken at one time or at different times or in such manner as to constitute more than one transaction or taking. Lambert's testimony tended to show a continuous transaction and that all the goods were taken in pursuance of one design and purpose and carried off as rapidly and conveniently as they could be carried. There is some testimony to the effect that the second or subsequent taking of the property or a portion of it was in pursuance of an after agreement.

The question suggested for reversal on account of overruling the application for continuance will not be noticed as it will not arise upon another trial.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*