## Roy Cunningham v. The State.

No. 6457. Decided January 11, 1922.

1.—Theft of Turkeys—Felony—Value—Rule Stated—Bill of Exceptions.

It has long been the settled rule in this State that value, as it relates to stolen property, is the market value of the property at the time and place of taking, if it has a market value; and if not, the value would be the amount it would cost to replace it; but when improper measure of value is resorted to in the proof, this court is without power to correct it in the absence of objections at the time with proper exceptions reserved. Following Ramon v. State, 98 S. S. Rep., 872, and other cases.

2.—Same—Case Stated—Sufficiency of the Evidence—Value—Bill of Exceptions.

Where an attempt is made to raise in this court for the first time the question as to the sufficiency of the evidence to justify a finding that the property was of the value of fifty dollars or over, the same cannot be considered without a bill of exceptions, and in the instant case the question was not even suggested in the motion for new trial, and there is therefore no reversible error.

3.—Same—Rehearing—Value of Stolen Property—Asportation.

Where appellant contended in his motion for rehearing that the value of the stolen turkeys was under $50 when appropriated, but the criterion is the value of the property at the time of the fraudulent taking, and the evidence showed that the alleged property was of or over the value of $50 at the time of the taking, there was no reversible error. Asportation of the stolen property is not necessary.

Appeal from the District Court of Hamilton. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of theft of turkeys over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Sparks,* and *J. M. Parker,* for appellant.—On question of value: Johnson v. State, 122 S. W. Rep., 877; Martinez v. State, 16 Texas Crim. App., 122.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction was for felony theft of turkeys. Punishment two years in penitentiary.

The record is before us with no bills of exception. An attempt is made to raise in this court for the first time the question as to the sufficiency of the evidence to justify a finding that the property was of the value of fifty dollars or over. This question was suggested in the motion for new trial.

It has long been the settled rule in this State that "value" as it relates to stolen property, is the market value of the property at the time and place of taking, if it has a market value, and if not, the value would be the amount it would cost to replace it. Martinez v. State, 16 Texas Crim. App., 122; Cannon v. State, 18 Texas Crim. App., 172; Cooksie v. State, 26 Texas Crim. App., 72; Keipp v. State, 51 Texas Crim. Rep., 417, 103 S. W. Rep., 392; Ramon v. State, 98 S. W. Rep.. 872. But when an improper measure of value is resorted to in the proof, this court is without power to correct it in the absence of objections at the time with proper exceptions reserved.

If the record in the instant case had been before Judge Davidson when he wrote the opinion in the Ramon case, *supra,* it could not have been more pertinent. We quote:

"It is contended in the motion for new trial, and urged here, that where value is required to be proved, it means 'market value' of the property alleged to have been stolen at the time and place of its theft. That question does not arise in this case. If the objection had been urged to the introduction of this testimony, or it had been insisted in the trial below, that this was not sufficient evidence, and was not the character of evidence introduceable, that the criterion should have been the market value, there might be some force in the position here. The fact that it may have been brought up for discussion in the motion for new trial is not sufficient. If the accused objects to the manner of proving the value during the trial, he must reserve his bill. He cannot sit by and permit proof of the value in an irregular or even an illegal way, without objection, and suggest it as a ground for new trial. The time for his objection or for raising the question is at the time of the introduction of the testimony. It is unquestionably true that value may become a very important question upon the trial of the theft of property where value is the criterion of punishment. In order to obtain a felony conviction, the proof must show at least $50 in value. Where it is insisted upon, in regard to the value of second-hand articles, as these were, if appellant had demanded that the market value be proved as the criterion, or had objected to the manner of proving it, insisting that the market value was the criterion, he would have placed himself in the attitude to have taken advantage of his contention here. Where it is insisted upon, the State must make proof of the market value, if it can; but where it is not done, then the real value can be shown. The manner of proving value will not be reversible, if erroneous, unless exception is reserved to such manner of proving it. This must be by bill of exceptions."

As will be seen from the quotation, the question there was raised by motion for new trial. Here even that was not done. The proof as made supports the verdict, that is, the turkeys were shown to have been worth more than fifty dollars.

The judgment of the trial court is affirmed.

*Affirmed.*

January 11, 1922.

HAWKINS, Judge.—Appellant insists that the evidence shows Betts (the owner of the turkeys) lost only three hens worth $10 each, $30 for the three, and one gobbler worth $17.50, making a total of $47.50; and also shows that Blalock only bought four turkeys (three hens and a gobbler) which were identified as belonging to Betts. Therefore, it is urged that the felony conviction should not stand, the value of the property being under $50. If the value of the property actually appropriated was the criterion then appellant's contention would be correct. But it is the value of the property stolen. The offense of theft becomes complete when the "fraudulent taking" is accomplished. The ultimate appropriation need not be shown if it is taken with the intent to appropriate. It is not necessary to show asportation of the property. To constitute "taking" it is not necessary that the propetry be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be removed out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete." (Article 1331, Vernon's P. C., and cases cited in notes thereunder.) Tested by the proper rule we think the evidence supports the verdict. Referring to Rabey's testimony, we find him saying: "When we went over there to the roost I got three (turkeys) and Roy got two; that made five. When we got a little piece one got away from me and that left two, and Roy let one get away from him, and that left only three; and we carried the three to the car, and then we went back and caught one more, and that made four. We did not have six turkeys in our possession at any one time." When the turkeys were taken into the possession of the parties the theft was complete. It will be seen from the foregoing that unless one of the escaped turkeys was caught the second time, six were actually taken. It would be a new doctrine that the escape of the stolen property from the thief would annul the crime. What occurred at the turkey roost determines the crime, and not the sale next day of the turkeys which failed to get away. Rabey's evidence is corroborated by circumstances related by Betts. The turkeys roosted on the lot fence. They were usually in the lot early of mornings while the stock were being fed. On the morning after the theft only one turkey was in the lot; one was seen coming up towards the barn; it had feathers pulled off its back, breast and legs; three days later the owner found another of his turkeys at a neighbor's some distance from his own house. The feathers found between the roosting place and where the car had stood indicated some trouble had been experienced before the turkeys reached the car.

We think what has been said sufficiently presents the view entertained by us and the testimony supporting it.

The motion for rehearing is overruled.

*Overruled.*