cution. Haley v. State, 84 Tex. Cr. R. 632, 209 S. W. 675, 3 A. L. R. 779.

The judgment is reversed and the cause remanded.

---

### SMITH v. STATE.   (No. 8426.)

(Court of Criminal Appeals of Texas.   June 25, 1924.)

**1. Receiving stolen goods ⬅9(2)—Failure to give measure or rule by which jury might determine value of property held error.**

Court erred in omitting from charge, and refusing to supply, measure or rule by which jury might determine value of property, where evidence as to value was conflicting, and there was a difference of $2.50 between credit price and cash price, which might have turned scale on issue of value in behalf of defendant.

**2. Criminal law ⬅772(6)—Defendant's theory of possession of stolen property, pointing to innocence, should be given.**

Where only defensive theory presented by defendant was that in assisting his brother to hide property he did so on promise of his brother to return it to its owner, court should have submitted to jury such theory on request.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Barton Smith was convicted of receiving stolen property, and appeals. Reversed and remanded.

H. E. Bell, of Austin, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Receiving stolen property is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The subject of the theft was a part of a sulky plow, the parts omitted being a mold board and thribble tree. At the time the plow was taken it had been used.

It is the theory of the state that Barney Smith, a brother of the appellant, had stolen the plow, and that the appellant, knowing it to be stolen, received and concealed it.

According to the appellant's theory, as developed from his testimony, when he became aware that his brother had stolen the plow and brought it home, he gave immediate advice to his brother to return it, and aided in hiding the plow on the assurance that it would be returned to the owner; that his action was impelled entirely by the desire to have his brother voluntarily return it, and thereby mitigate any punishment that his brother might receive, and with no intent on appellant's part to keep the property or deprive the owner of its value.

The owner, Morgan, testified that the plow, when new and complete, had a market value of $75; that it would cost him $55 to replace it in its condition at the time it was stolen. The plow was purchased originally from R. S. Saunders for $75, on credit, in which amount was included $2.50 difference between the credit price and cash price for the plow complete. With the parts missing at the time of the theft the market price would be $50. According to this witness, his estimate of the depreciation from the use which the evidence showed had been given was from $2.50 to $10.

On the question of "value" the court instructed the jury that, if they had a reasonable doubt whether the property was worth $50 or more, they would give the appellant the benefit of the doubt. Exceptions were addressed to the charge because of the omission therefrom of any ·measure or rule by which the jury might determine the value; and special charges were requested for the purpose of supplying the omission.

[1] In one of these charges a request was made, in substance, that the value intended was the cash market value in Coryell county. It seems to be undisputed that there was a market value and also a difference between the cash market value and the credit market value. As we have indicated, the evidence was conflicting and the issue sharply drawn on the question of value. From the evidence the jury might have found the value to be $10 below $50. Under the law, if the value was less than $50, the offense committed was a misdemeanor; if above $50, it was a felony. The evidence is in such condition that the difference of $2.50 which, according to the undisputed evidence, was the difference between the cash and credit market prices might have turned the scale on the issue of value in behalf of the appellant. Under the circumstances, we think the charge mentioned should have been given. Martinez v. State, 16 Tex. App. 123; Keipp v. State, 51 Tex. Cr. R. 417, 103 S. W. 392; Cunningham v. State, 90 Tex. Cr. R. 500, 236 S. W. 89.

[2] The appellant's theory, namely, that his connection with the plow was with an innocent intent rather than a fraudulent one, should have been submitted to the jury. An appropriate special charge upon the subject was requested. The only defensive theory presented by the appellant was that in assisting his brother to hide the plow he did so on the promise of his brother to return it, and that the hiding, so far as the appellant was concerned, was for the sole purpose of awaiting an opportunity for making the return and with no fraudulent intent on his part. This theory was not embraced in the court's main charge, and, if requested upon another trial, we think it should not be omitted.

The judgment is reversed and the cause remanded.