Lawrence **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43484.

Court of Criminal Appeals of Texas.

March 17, 1971.

Rehearing Denied May 26, 1971.

Clinton & Richards by Sam Houston Clinton, Austin, for appellant.

Robert O. Smith, Dist. Atty., Harold Jaquet, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for willfully injuring property of another over the value of $50. The court assessed the punishment at two years. The indictment, omitting the formal parts, reads as follows:

"* * * did willfully injure property belonging to another, to-wit: an automobile belonging to Richard Valdez, the extent of said injuries being over the value of Fifty Dollars ($50.00), without the consent of the said Richard Valdez and William R. Eanes the owner and lienholder, respectively, of the automobile herein,"

Richard Valdez was an upholsterer at the Economy Furniture Company. On February 25, 1969 he had been working there for about two years. He was also the owner of a 1965 Mustang automobile. Valdez was residing in Georgetown and two passengers, Danny Mendoza and Armando Acosta, usually rode with him between Austin and Georgetown. Three photographs of Valdez's car were introduced into evidence. They were taken on February 26, and show that the windshield had been shattered.

Valdez testified that a strike was in progress at the Economy Furniture Store, but that he did not go out on strike. On the 25th, as he left the plant at about 4:45 p. m., he noticed the appellant and Frank Ramirez standing by the side of the road. Mendoza and Acosta were riding with him at the time. The witness observed Ramirez make a swinging motion, and immediately an object hit the windshield, and the glass flew all over him. Shortly thereafter, a second object hit the rain drain on the car. Ramirez and the appellant were the only persons Valdez saw in the near vicinity.

Danny Mendoza was riding with him at the time. He testified that as they were leaving the plant, he observed the appellant and Frank Ramirez standing by the side of the road. As they passed by the union shack, where the two were standing, some object hit the car on the front windshield and the hood.

William Eanes, president of the First National Bank in Georgetown, testified that the bank held a lien on the automobile in the amount of $1,981.76 and that he did not give either Hernandez or Ramirez permission to injure or destroy the autmobile.

Bill Joseph, a used car dealer and businessman, who was engaged in business of automobile rebuilding, was called to testify as to the general value standards in the automobile industry in Travis County. From the photographs introduced into evidence, he identified the automobile in question as a Mustang. From the photographs, he examined the damages to the car. He testified that the value of a 1965 Mustang, 6-cylinder, standard shift, clean, with good tires and low mileage, was approximately $1,495.00 in February 1969. After the damages evidenced by the photographs, the car would be worth from $200 to $250 less. Joseph further testified that the cost to him to replace the windshield would be $50 and that he could repair the entire car, including the dents, for $75; however, he added that the cost to a customer would be $200 to $250.

Pete Salazar, another employee of Economy, was riding in another vehicle with

Tony Acosta and Alfred Acosta, observed Ramirez and Hernandez at about 4 p. m. on the afternoon in question. As the three were leaving the plant in Alfred Acosta's car, Ramirez, standing near Hernandez, threw a rock at the car and slightly dented it.

Rudy Arevalo, another Economy employee, testified that he, too, saw Ramirez and Hernandez by the side of McNeal Road as he left the Economy plant. He testified that as he left the plant at about 4:47 p. m. both of them threw objects at his 1963 Chevrolet Impala. However, on cross-examination he stated that he never actually saw anything in the appellant's hand.

Valdez took the stand for a second time. He testified concerning his Mustang automobile and said that the car was clean, although it had been wrecked once and the dashboard was sunburned. For approximately two years prior to this incident, he had driven the car to work every day from Georgetown. He also testified as to various dents and other small defects, and stated that he borrowed $1,700 to pay for the car.

Richard Karotkin, the plant manager at Economy, testified that in November of 1968 a strike was begun at the plant, and about one-half of the labor force participated in the strike. He was acquainted with both the appellant and Ramirez, both of whom went out on strike. From a window in the plant, at a high vantage point, he observed the appellant throw a rock at the Mustang owned by Valdez, and he also observed Ramirez throwing a rock at the Mustang. He also saw them throw rocks at five or six other cars that afternoon, including Acosta's Ford and Arevalo's Chevrolet. He took a film of the incident, which was shown to the jury. The film showed the appellant standing near Ramirez with the Mustang traveling down the road.

Finally, Cecil Freydenfeldt, owner of Cecil's Auto Trim, took the stand. Part of this business, which he had been in for 33 years, was the replacement and evaluation of windshields. He testified that the value of the windshield, as measured by the replacement cost, was $126.

The appellant presents 16 grounds of error.

The first three grounds of error attack the constitutionality of Article 1350 of the Penal Code and the indictment issued under it. The pertinent portions of the said Articles are as follows:

"(1) (a) It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, without the consent of the owner and lienholder, if any, thereon.

\*   \*   \*   \*   \*   \*

"(3) Whoever shall violate the provisions of Subdivision (1) hereof shall be punished as follows: (a) When the value of the property destroyed or the extent of the injury inflicted is of the value of Fifty ($50.00) Dollars, or over, he shall be confined in the penitentiary not less than two (2) nor more than twenty (20) years."

The appellant contends that because the Article prescribes possible punishments in relation to a measure of value of property destroyed, it is arbitrary, unreasonable, oppressive, indefinite, and uncertain. While a statute "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" violates due process, Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322, this statute is not vague.

Grounds of error one, two, and three are overruled.

Appellant's fourth ground of error alleges that the indictment is fatally defective because it fails to allege the manner and means by which the property in question was damaged. Such an allegation is

unnecessary. Steambarge v. State, 440 S. W.2d 68.

■ Grounds five and eight attack the sufficiency of the evidence as to value. The testimony of Joseph and Freydenfeldt provide sufficient evidence for the jury to find the extent of the injury to the property to be over $50.

■ Ground six challenges the admission into evidence of Joseph's testimony. Joseph testified as to the value of the car before and after such an injury was inflicted upon a hypothetical 1965 Mustang very similar to the one in question in this case. An expert need not personally observe the property in question; value may be proven by hearsay. De La O v. State, Tex.Cr.App., 373 S.W.2d 501; Lucas v. State, Tex.Cr.App., 452 S.W.2d 468. In Lucas, a used car dealer was allowed to testify as to the value of an automobile which he had not personally inspected, since he was shown to be acquainted with the market value of cars of the same character. The appellant alleges that the car described to Joseph was something different from Valdez's car. Nevertheless, the differences, if any, are not so great as to show an abuse of discretion in the admission of Joseph's testimony.

■ Ground seven complains of Freydenfledt's testimony as to the repair or replacement value of a 1965 Mustang windshield. In this case, the jury must find beyond a reasonable doubt that the injuries amount to $50 or more. It may take into consideration and hear evidence on all relevant factors. And repair or replacement value of a windshield is relevant to the decreased market value of a damaged car.

But if there was error, which we do not so find, it was rendered harmless by the charge of the court when the jury was instructed to use "the market value of the injuries as the standard."

■ Ground of error nine complains of the court's charge, alleging that the terms "the extent of said injuries" and "the market value of such injuries" are vague, general, and indefinite and fail to provide the jury with an appropriate test, measure, standard or definition by which to determine the issue. This wording of the charge is substantially the same as the wording of the statute, and the court did not err in using it.

■ Grounds ten, eleven, and thirteen complain of testimony of Salazar, Arevalo, and Karotkin as to extraneous offenses. Ground twelve objects to the admission of photographs depicting damage done from these offenses. Evidence of extraneous offenses is admissible to show intent, motive, scienter, system, and malice. Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476; 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300. Here, the similar offenses committed on the same day are relevant to show system, malice, and intent, and the court gave a limiting charge as to the extraneous offenses admitted.

■ Ground fourteen relates to Karotkin's testimony that the appellant "took a swing" at another employee who was walking down the street that afternoon. The court sustained the appellant's objection and instructed the jury to disregard the statement, but it denied the motion for mistrial. The error, if any was committed, was rendered harmless by the court's instruction.

Ground fifteen relates to Karotkin's testimony that Ramirez had a golf club in his hand. No harm is shown to the appellant by this testimony.

■ Appellant's sixteenth and final ground of error alleges that the appellant's constitutional rights have been violated because he has been tried previously for similar offenses which occurred on the same day. This contention is without merit.

There being no reversible error, the judgment is affirmed.