In the Matter of Mary Ruth WISE,
a minor, Appellant,

v.

The STATE of Texas, Appellee.

No. 17405.

Court of Civil Appeals of Texas,
Fort Worth.

May 4, 1973.

Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Bob Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the minor, Mary Ruth Wise, from a decree adjudging her to be a delinquent child and awarding her custody to the Chief Probation Officer of Tarrant County. The trial was non-jury.

Article 2338–1, Vernon's Ann.Civ.St., provides in part: "The term 'delinquent child' means any child who (a) violates any penal law of this state of the grade of felony; or (b) violates any penal law of

this state of the grade of misdemeanor or where the punishment prescribed for such offense may be by confinement in jail; . . ."

The petition filed in this case by the Criminal District Attorney charged that this minor "did . . . unlawfully and willfully injure and destroy certain property belonging to another, to-wit: one automobile . . . such injury and destruction to said property being in excess of the value of fifty dollars and without the consent of . . . the Owner thereof, . . . ."

The particular felony that the petition charged her with having committed is the one prescribed by Art. 1350, Vernon's Ann. Penal Code of Texas, which is as follows: Sec. (1) "It shall be unlawful for any person to wilfully injure or destroy . . . any property belonging to another, of any kind whatsoever, without the consent of the owner . . . ." Sec. (3) "Whoever shall violate the provisions of Subdivision (1) hereof shall be punished as follows: (a) When the value of the property destroyed or the extent of the injury inflicted is of the value of Fifty ($50.00) Dollars, or over, he shall be confined in the penitentiary not less than two (2) nor more than twenty (20) years. (b) When the value of the property destroyed or the extent of the injury inflicted is under the value of Fifty ($50.00) Dollars, he shall be fined not exceeding One Thousand ($1,000.00) Dollars or be confined in the county jail for not more than one (1) year, . . ."

Section (b) referred to is the punishment provided for committing a misdemeanor.

The order appealed from was in general terms and did not indicate in any way the basis of the judgment. At appellant's request, however, the court filed findings of fact and conclusions of law which were in part in substance as follows: the minor did write, on August 8, 1972, using lipstick, two words in large letters, covering the

hood of a 1968 Chevrolet Impala, owned by Robert Alexander; the paint on the hood was oxidized to a degree and efforts to remove the words with rubbing compound and washing were unsuccessful, the words on the hood being still visible; the remains of the words being still visible on the hood devalued the car; repainting the hood only would have devalued the car; the owner had the entire car repainted at a cost of about $94.00; that the juvenile appellant wilfully injured Mr. Alexander's car without his consent and that the injury to such car was of the value of $50.00 or more and that the appellant is a juvenile delinquent under Texas Revised Civil Statutes, Art. 2338–1, Sec. 3(a).

The petition charged appellant with having committed a felony and these findings and conclusions establish that the court declared her to be a delinquent child on the theory that it had been established beyond a reasonable doubt at the trial that appellant had committed a felony upon the occasion in question. The findings of fact and conclusions of law make it clear that the trial court did not adjudicate appellant to be a delinquent child by reason of her having committed a misdemeanor.

Appellant's 3rd point of error is that the court erred in adjudicating appellant to be delinquent because there is no evidence or in the alternative the evidence is insufficient to support such judgment or the court's conclusion that the injury to the car was of the value of $50.00 or more.

Appellant contends in her 4th point of error that the court erred in failing to require the State to prove beyond a reasonable doubt that appellant had committed the penal offense charged as a prerequisite to adjudicating her a delinquent.

We sustain the appellant's 3rd and 4th points of error.

In a criminal case the state has the burden of proving beyond a reasonable doubt every essential element of the offense charged. 23 Tex.Jur.2d 162, Evidence, Sec. 116, and cases there cited.

In the case of In re Winship, 397 U.S. 358 at page 364, 90 S.Ct. 1068, at page 1073, 25 L.Ed.2d 368 (1970), the Court said: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except *upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.*" (Emphasis ours.)

■ And it is now established law that where a juvenile is charged with committing an act that would constitute a crime if committed by an adult, the essentials of due process and fair treatment require that each element of the offense with which he is charged must be proved beyond a reasonable doubt. See In re Winship, supra, and Santana v. Texas, 397 U.S. 596, 90 S. Ct. 1350, 25 L.Ed.2d 594 (1970).

We interpret the pleading involved as alleging the wilful injuring of the property of another, without the owner's consent, when the extent of the injury inflicted is of the value of $50.00 or over.

■ An essential element of that offense is the inflicting by the accused of an injury to the property involved to the extent of $50.00 or more. Gallardo v. State, 167 Tex.Cr.R. 511, 321 S.W.2d 581 (1959); Beaufier v. State, 37 Tex.Cr.R. 50, 38 S. W. 608 (1897), and Hernandez v. State, 468 S.W.2d 387, under syllabus 7 (Tex.Cr.App., 1971).

Under Art. 1350, Secs. 1 and 3(a), unless the property involved has been damaged to the extent of $50.00 or more then no felony has been committed.

The undisputed evidence showed that: the appellant and another girl wrote on the windows and on the windshield of the car, and across the whole hood of the car in big letters with lipstick; a four letter word and a three letter word were written

across the hood of the car; this lipstick wiped off the car glass easily, but the blue paint on the car was slightly oxidized and even after the owner had washed the hood with water for three hours and compounded it, the words would not come off the hood; they were still easily seen after that; some witnesses, without ever telling what the words were, classified them as being profane and the owner said that it was because of the nature of the words that he desired to have them removed; and that the car was not damaged by appellant in any way other than that caused by the lipstick as described above.

■ The owner of the car testified that: he did not paint just the hood because that would have made his car two colors; he had the whole car repainted and paid $93.00 for the paint job; in his opinion the car having the two words written on the hood decreased its value; and he supposes that having his car completely repainted enhanced its value to the extent of $93.00.

The evidence we have set out in this last paragraph immediately above was the only evidence offered during the trial on the issue as to whether or not the extent of the injury done by the accused to the automobile was of the value of $50.00 or more.

We hold that such evidence was insufficient to support the judgment of the court or the necessary conclusion of the court that the State proved beyond a reasonable doubt that the appellant inflicted damage to the car in excess of $50.00.

■ In a criminal prosecution if the value of property becomes an issue this means the reasonable cash market value of such property at the time and place involved, in its then condition, and if it had no market value there, then its value would be what it would have cost to replace it. Keipp v. State, 51 Tex.Cr.R. 417, 103 S.W. 392 (1907); Close v. State, 55 Tex.Cr.R. 380, 117 S.W. 137 (1909); Cunningham v. State, 90 Tex.Cr.R. 500, 236 S.W. 89 (1921); Givens v. State, 143 Tex.Cr.R. 277, 158 S.W.2d 535 (1942), and Senters v. State, 163 Tex.Cr.R. 423, 291 S.W.2d 739 (1956).

■ Of course, one way to establish extent of an injury to personalty in a lawsuit is by offering evidence tending to prove the difference between the market value of the personalty in the county where it was injured just before it was injured and its market value there just after it was injured. Hernandez v. State, 468 S.W.2d 387 (Tex.Ct.Crim.App., 1971); Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127 (1950); and 17 Tex.Jur.2d 155, Damages, Sec. 81. The difference in its value before and after would establish the extent of the injury.

■ Another standard recognized and used by the courts in determining the amount or the extent of injury done to personalty is by establishing the usual and reasonable cost in the county where injured of repairs rendered necessary by the injury to restore the property to the condition that it was in immediately before it was injured. Pasadena State Bank v. Isaac, supra. And see Milby Auto Co. v. Kendrick, 8 S.W.2d 743 (Galveston Civ. App., 1928, writ dism.) wherein the court said at page 744: "Such measure . . . is not in conflict with the general rule that the measure of damage is the difference in the market value of the injured property before and after its injury. If the injured property is restored to its condition prior to its injury, its market value would ordinarily be restored, and the cost of such restoration would be identical with the difference between its market value before and after its injury."

In this case the State made no effort to prove the extent of the injury or damage to the car by proving the market value thereof just before and just after the injury. There was no evidence offered as to whether the car did or did not have a market value at the times in question. This is

generally the simplest route to take because it avoids bringing into the case the question of whether the repairs enhanced the value of the property over the value it had before injured. See Pasadena State Bank v. Isaac, supra.

■ The State was apparently relying on the second standard referred to above to establish that the extent of the injury to the car was $50.00 or more. However, it fell short of furnishing the required proof there also. The State only offered evidence to the effect that the paint contractor charged the owner $93.00 to repaint the entire car and that the owner paid that amount for that service. This evidence was not sufficient to establish beyond a reasonable doubt that the car involved was damaged to the extent of $50.00 or more. The State had to prove beyond a reasonable doubt the usual and reasonable charge in Tarrant County, Texas, for repairs necessary to restore the damaged automobile to the condition it was in just before injured, in order to prove the extent of the injury under that standard. That requirement was not met by merely proving that an automobile painter agreed to repaint the car for the owner for $93.00 and that the owner agreed to pay him that sum for the paint job. The figure agreed on for such a repair job would not necessarily be and would not always be a reasonable charge for such service. Tinney v. Williams, 144 S. W.2d 344 (Amarillo Civ.App., 1940, no writ hist.); Missouri, K. & T. Ry. Co. of Texas v. Warren, 90 Tex. 566, 40 S.W. 6 (1897); Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 43 S.W. 876 (1898); Galveston-Houston Electric Ry. Co. v. English, 178 S.W. 666 (Galveston Civ.App., 1915, no writ hist.); Houston & T. C. R. Co. v. Pereira, 45 S.W. 767 (Ct.Civ.App. of Texas, 1898, writ ref.), an International & G. N. R. Co. v. Sampson, 64 S.W. 692 (Ct. Civ.App. of Texas, 1901, no writ hist.).

■ With reference to the matters we have discussed above, the State contends that the insufficiency of the evidence that we have pointed out is not fatal to the conviction or judgment in this case, because even if the evidence was insufficient to show the extent of the injury to the car to be $50.00 or more, it did prove beyond a reasonable doubt that appellant's conduct did cause injury to the car under the value of $50.00. The State says that the evidence it offered did therefore establish beyond a reasonable doubt that appellant committed a misdemeanor on the occasion in question and that Art. 2338–1, Sec. 3(b) authorized the court to adjudicate appellant a dependent child on proof that she had committed a misdemeanor.

One fallacy in this argument lies in the fact that the petition in the case charged the minor with the commission of a felony and the thing that resulted in her being decreed to be a delinquent child and in having her custody awarded to the Chief Probation Officer of Tarrant County was the court's finding and conclusion that she was guilty of the commission of the felony as charged. The evidence was insufficient to support those findings and conclusions and therefore insufficient to support the judgment.

This is not a case of appellant being charged with committing a felony and *being convicted by the court of committing a lesser offense,* with the evidence being sufficient to support the conviction for the lesser offense. The court's findings and conclusions conclusively show that the minor was found guilty of committing a felony and that the judgment was based on this finding.

Nothing in the record indicates that the trial court's judgment would have been the same had he been convinced that appellant had only committed a misdemeanor, as distinguished from a felony.

In addition to what we have said up to this time no trial court has yet concluded that appellant committed the misdemeanor and that by reason thereof she is a delinquent.

We cannot let the judgment stand under these circumstances.

We have carefully considered appellant's first and second points of error and overrule them. We will not discuss them because no purpose can be served by doing so.

■ In appellant's fifth point of error she contends that the court erred in refusing to dismiss the case because of a fatal variance between the petition charging commission of the penal offense of wilful injury and destruction of an auto and the State's proof showing there was no destruction of the car.

We overrule the point. The pleading sufficiently alleged wilful injury of the car, the wilful injury being in excess of the value of $50.00. There was no fatal variance between such pleading and proof showing just an injury to such car as distinguished from a total destruction of the car. See Lacy v. State, 412 S.W.2d 911 (Ct.Crim.App. of Texas, 1966). In the case of Johnson v. State, 467 S.W.2d 247 (Ct.Crim.App. of Tex., 1971) the court indicated that an indictment worded similar to the wording of the petition involved here was not a model to go by in drawing an indictment for wilfully injuring another's property without his consent, but that it was not fatally defective. In the event of a retrial of this case an amendment would remove the question.

■ In her sixth point of error appellant contends that the trial court erred in admitting evidence tending to show the commission of other extraneous offenses not charged in the complaint upon the occasion in question.

We overrule the point.

The evidence tended to show that appellant did other things on the occasion when she went to write on the car with lipstick which constituted violations of the law and with which she was not charged in the petition.

We hold that this evidence tending to show the commission of other offenses was admissible as being a part of the res gestae and to show intent, motive, system or malice. 23 Tex.Jur.2d 300, Evidence, Sec. 195; Hernandez v. State, 468 S.W.2d 387 (Ct.Crim.App. of Tex., 1971); and Blankenship v. State, 448 S.W.2d 476 (Ct.Crim. App. of Tex., 1969).

The judgment is reversed and the case remanded to the trial court.