Angela KINKADE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–01084–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 1990.

Stephen A. Doggett, Houston, for appellant.

Sam A. Dick, Crim. Dist. Atty., Nancy D. Cook, Richard A. Dawson, Asst. Crim. Dist. Attys., for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

O'CONNOR, Justice.

A jury convicted appellant, Angela Kinkade, of criminal mischief. The trial court sentenced her to 10 days confinement and ordered her to make restitution of $177.65. We affirm.

Appellant was charged with damaging an automobile by hitting the window with an unknown object. The complainant, Mabel Roberts, owned the car that was damaged.

Appellant damaged Mrs. Roberts's automobile by pulling the sideview mirror and beating on it. Appellant shattered the back window of the car by hitting it. At trial, Mrs. Roberts testified she paid $177.55 to replace the broken windshield. Appellant objected to Mrs. Roberts's testimony about the cost of repairs, and argued that expert testimony was necessary.

I. Cost of repairs.

■ In her first point of error, appellant contends the trial court erred in admitting Mrs. Robert's testimony about the cost of repairs. Appellant argues that the amount of damage to the vehicle cannot be proved with evidence of the cost of repairs without proof that the cost was reasonable.

The Texas Penal Code sets forth the procedure for proving the damage in a criminal mischief case.

(a) The amount of pecuniary loss under this chapter, if the property is *destroyed*, is:

(1) the fair market value of the property at the time and place of the destruction; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.

(b) The amount of pecuniary loss under this chapter, if the property is *damaged*, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred.

TEX. PENAL CODE ANN. § 28.06 (Vernon 1989) (emphasis added).

Appellant contends that *Wise v. State*, 494 S.W.2d 921, 924 (Tex.Civ.App.—Fort Worth 1973, no pet.) holds that proof of repairs must show that the cost of repairs was reasonable in the county where the damage occurred. In *Wise*, and in the other cases cited by appellant, the court ruled on the method of proving the *market value* of repairs, rather than the *actual cost* of repairs for damaged property. *Wise*, 494 S.W.2d at 924; *Hernandez v. State*, 468 S.W.2d 387, 391 (Tex.Crim.App.1971); *Crawley v. State*, 513 S.W.2d 62, 65 (Tex. Crim.App.1974). Further, those cases were based on interpretations of section 1350 of

the Texas Penal Code[1], before its 1973 revision.

Currently, section 28.06(a) of the Texas Penal Code provides that market value is used only when property is *destroyed.* TEX. PENAL CODE ANN. § 28.06(a) (Vernon 1989); *Deas v. State,* 752 S.W.2d 573, 575 (Tex.Crim.App.1988). If the property is *damaged* (not destroyed), cost of repairs is the proper measure of pecuniary loss under § 28.06(b). *Sepulveda v. State,* 751 S.W.2d 667, 668–69 (Tex.App.—Corpus Christi 1988, pet. ref'd). Appellant concedes in her brief that the cost of repairs is the proper method of proof in this case.

The only case that followed *Wise* after § 28.06 became effective is distinguishable. In *Athey v. State,* 697 S.W.2d 818, 821 (Tex.App.—Dallas 1985, no pet.), the Dallas court stated that "in view of this testimony [regarding pre-existing damage to house], the State had the burden to show that the repairs in question were reasonable and were a necessary result of defendant's acts, rather than a result of previous damage."

In *Sepulveda,* the Corpus Christi Court held that the cases concerning "reasonableness of amount" were inapplicable. 751 S.W.2d at 669. Justice Utter noted that *Athey* was distinguishable because it involved repairs that covered more than just the damage inflicted by defendant; the repairs enhanced the value of the property. *Id.* In *Sebree v. State,* 695 S.W.2d 303, 304–305 (Tex.App.—Houston [1st Dist.] 1985, no pet.), this Court did not mention "reasonableness of amount," but instead followed the literal reading of § 28.06, and required proof of the cost of repairs.

■ Appellant argues an expert witness is necessary because "value" and "reasonableness of amount" are part of the State's burden of proof. We have already decided that "cost of repair" is the *proper* method of proving pecuniary loss, and proof as to the "reasonableness" of the amount of repairs is not required. The owner of the car, who has direct knowledge of the actual cost of repairs, is certainly competent to testify as to how much she spent to repair the damage. *See generally Sepulveda,* 751 S.W.2d at 668–69. The competency of a witness is a question for the trial court. We will not disturb the trial court's decision absent a showing of an abuse of discretion. *Watson v. State,* 596 S.W.2d 867, 871 (Tex.Crim.App. [Panel Op.] 1980). No such showing was made by appellant.

■ In the same point of error, appellant challenges the sufficiency of the evidence to prove pecuniary loss. When we review the sufficiency of the evidence, we view it in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App. 1985), *cert. denied,* 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986).

In *Sepulveda,* the Corpus Christi Court of Appeals upheld a conviction for criminal mischief based upon almost identical testimony as that in this case. The owner testified she "paid $34.00 to fix the window." 751 S.W.2d at 668. The court found the evidence sufficient to prove the pecuniary loss under the standard for damaged property.

In *Sebree,* this Court held that "an *estimate* of damage or an *opinion* on the amount of damage without further evidence is insufficient to prove the *cost* of repair." 695 S.W.2d at 305. (Emphasis added.) In that case, the owner testified that a car dealer estimated the damage to be $670. She then stated that the car had been repaired, but she did not say what the repairs actually cost. *Id.* Because the owner in this case gave the exact amount she spent to repair the car window, and not merely an estimate, the sufficiency problem in *Sebree* does not arise here.

1. *Repealed by, amended by,* and *recodified by,* ch. 399, secs. 1 & 3, 1973 Tex.Gen. Laws 883, 924 & 994, as ch. 28, §§ 28.03–28.07.

Nothing in the record suggests that the cost of repairs included damage other than that caused by appellant, or that the cost of repair did not equal the actual amount of pecuniary loss. The evidence showed that the window was not damaged before appellant struck it. The State also proved that the owner paid $177.55 to repair the window.

We find the evidence sufficient to support the conviction and overrule the first point of error.

## II. Variance between information and evidence.

In her second point of error, appellant contends there is a fatal variance between the evidence at trial and the charging instrument. Appellant argues that the trial court should have granted her motion for directed verdict.

The information alleged that appellant damaged and destroyed an "automobile by hitting the window with an unknown object." Appellant argues that the evidence showed she hit the window with her hand, a fatal variance with the allegation of an "unknown object."

Only if the manner or means of doing some act makes otherwise innocent conduct a criminal act, must facts showing manner and means be alleged in an indictment or information. *Posey v. State*, 545 S.W.2d 162, 163 (Tex.Crim.App.1977). Further, the Court of Criminal Appeals has stated that it is unnecessary to allege manner or means in a criminal mischief case, unless the defendant raises lack of sufficient notice in a motion to quash. *Miller v. State*, 647 S.W.2d 266, 267 (Tex.Crim.App. 1983). Once the manner and means of committing a crime have been alleged, however, it must be proven. *Edlund v. State*, 677 S.W.2d 204, 209 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

Article 21.23 of the Texas Code of Criminal Procedure, provides:

The rules with respect to allegations in an indictment and the certainty required apply also to an information.

TEX.CODE CRIM.PROC.ANN. art. 21.23 (Vernon 1989).

When an indictment or information alleges an unknown fact, and the proof at trial *does show* that the fact is known, then the State has the burden to prove: (1) that the affiant/attorney who signed the information or grand jury which handed down the indictment did *not know* the fact; and (2) that they used reasonable diligence in their attempt to ascertain the fact. *Edlund*, 677 S.W.2d at 209. But, when the proof at trial *does not show* that the fact is known, a prima facie case exists in the State's favor. *Scott v. State*, 732 S.W.2d 354, 359 (Tex.Crim.App.1987).

If the evidence in this case did indeed show that appellant hit the window with her hand, a variance exists and the above analysis must be used to determine if the variance is fatal to the State's case.

The first question is whether the evidence at trial actually shows that appellant used her hand. At trial, several witnesses testified about appellant's actions. Lorraine Roberts, who was driving Mrs. Roberts' car, testified that appellant broke the rear window as they were trying to drive away. She did not see appellant break the window; she heard a thump and turned to see the shattered glass. She stated she did not think appellant had anything in her hand, but could not be sure. On cross-examination, she testified that she told the police that appellant hit the window with her hand, and that appellant carried a baby in the other hand.

Terry Davis was at the convenience store with Lorraine and Raymond Roberts, and was sitting in the back seat of the car at the time of the altercation. On cross-examination, Davis said she did not see anything in appellant's hands, nor did she see appellant pick anything up when she followed Lorraine out of the store. On redirect, Davis said she did not know whether or not appellant had anything in her fist. Davis testified appellant *could have* had something, but she just did not know.

Rudy Cantu was at the store when the fight broke out. He first stated that he saw appellant break the window, and that

she did not have anything in her hand. He also testified that she was holding a newspaper. But, Mr. Cantu stated on recross-examination that he was on the phone, and did not turn around until he heard the glass shatter.

Although the first two witnesses did testify that appellant hit the window with her hand, they also said it was possible she had something in her hand. The third witness, Rudy Cantu, first said that appellant did not have anything in her hand, but then he testified that he didn't turn around until he heard the glass shatter.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found, beyond a reasonable doubt, that appellant struck the window with an unknown object.

In *Edlund,* 677 S.W.2d at 209, the indictment stated that the exact means of committing the murder was "unknown to the grand jury." At trial, a medical examiner's report was introduced into evidence which made references to "a knife" and "knife wounds." *Id.* This Court concluded that the report was used only to reflect the basic type of wound made, and that the jury could have concluded the term was being used as a generic term for a sharp cutting blade or tool. *Id.* We held the evidence did not raise a duty of the grand jury to inquire further; thus, the evidence was not sufficient to show that the grand jury knew or should have known that the instrument used was a knife. *Edlund,* 677 S.W.2d at 209.

It should be noted that the Dallas Court of Appeals reviewed the evidence in *Washington v. State,* 677 S.W.2d 142, 145 (Tex. App.—Dallas 1984, no pet.), much more liberally than we did in *Edlund.* In *Washington* the indictment stated that defendant caused serious bodily injury to the complainant by striking her with an "object the exact nature and description of which is unknown to the Grand Jurors." *Id.* During trial, the accomplice was asked, "Was he hitting her with the pistol during this time?" The accomplice responded, "Well, *I guess so,* because she was real bloodied up." *Id.* The Dallas court held that this statement was enough to show that the appellant struck the complainant with a pistol; thus, a variance was raised. *Id.* The court found it was not fatal, however, because the grand jury used reasonable diligence in attempting to discover the means by which the injury was inflicted. *Id.* at 146–47.

Because the only witness who stated with any certainty that appellant did not have anything in her hand was the same witness who stated on recross he did not turn around until the glass shattered, it must be assumed that the jury weighed the evidence properly, and that they could have found appellant hit the window with an unknown object. The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *Daniels v. State,* 600 S.W.2d 813, 815 (Tex.Crim.App. [Panel Op.] 1980).

We overrule the second point of error and affirm the judgment of the trial court.