GARRY PASCHALL v. THE STATE.

No. 7392. Decided January 31, 1923.

Rehearing Denied June 13, 1923.

1.—Selling Intoxicating Liquor—Accomplice—Charge of Court—Purchaser.

Under the statute in force at the time the offense is charged to have been committed, the purchaser was not an accomplice witness, and there was no error in refusing to instruct the jury on accomplice testimony.

**2.—Same—Suspended Sentence—Charge of Court.**

Where, upon trial of selling intoxicating liquor, defendant pleaded for a suspended sentence, and thereon introduced testimony that his reputation in this respect was good, and the State introduced witnesses that it was bad, the charge by the court instructing the jury that they would only consider such testimony in passing upon the plea for a suspended sentence was of doubtful propriety; however, in the absence of exceptions thereto there was no reversible error.

**3.—Same—Intoxcants—Whisky.**

Where the evidence showed that the article sold was whisky this is sufficient to justify the finding that it was intoxicating. Following Terry v. State, 44 Texas Crim. Rep., 411.

**4.—Same—Suspended Sentence—Charge of Court.**

Where the charge of the court on suspended sentence was unduly favorable to the defendant, he has no reason to complain thereof.

**5.—Same—Charge of Court—Reasonable Doubt.**

Where the facts of the case bring it within the well-established rule that a charge on the law of reasonable doubt need not be given in connection with every phase of the case or proposition of the court's charge, but that it is enough to give it in regard to the whole case there is no reversible error. Following Ashlock v. State, 16 Texas Crim. App., 23, and other cases.

Appeal from the District Court of Colorado. Tried below before the Honorable M. C. Jeffreys.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. A. Townsend* and *H. E. Kahn,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

MORROW, PRESIDING JUDGE.—Conviction is for unlawfully selling intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Without detailing it, the testimony of the alleged purchaser, Fred Furges, is sufficient to show that the appellant sold him a quart of whisky.

Appellant testified and explained his connection with the transaction as being that of an agent for the purchaser and that he was not interested in or connected with the sale other than as an accommodation to the purchaser Furges. His position is that he had previously obtained whisky from a man by the name of Joseph Koelski or Kojoski, who passed through the country in an automobile at various intervals of time in going from Fayette County, where he lived, to Wharton County; that Furges desired to obtain some whisky and inquired of the appellant whether he knew where it could be obtained; that the appellant undertook to obtain it from Kojoski

when he should make his appearance again; that several days later he did obtain it from Kojoski for Furges.

There was evidence tending to show that Kojoski was a fictitious person. A citizen of Fayette County of wide acquaintance testified that he had no knowledge of him and the subpœna issued for him was indorsed with the notation that he was unknown. The question of agency was submitted to the jury, as were other matters involving the merits of the case in a manner which was acceptable to the appellant.

There was no error in refusing to instruct the jury to determine whether or not Furges and Cochrane, who testified for the State, were accomplices. Under the statute in force at the time the offense is charged to have been committed, the purchaser was not an accomplice witness.

The appellant sought a suspended sentence. The State introduced two witnesses who testified that his general reputation as a law-abiding citizen in the community in which he lived was bad. The appellant on this issue introduced witnesses who testified that his reputation in the respect mentioned was good. The court instructed the jury with reference to the testimony that they would only consider it in passing upon the plea for a suspended sentence. Had this charge been made the subject of an exception at the time of the trial, a serious question might be presented. Stalling v. State, 90 Texas Crim. Rep. 314. The appellant manifestly had the right to the benefit of any favorable testimony touching his reputation on the issue of guilt or innocence. Since no exception to the charge was urged at the time of the trial, the presumption on appeal must be indulged that it was satisfactory to the appellant. This is required by the statute. See Art. 735 of the Code of Crim. Proc., Boaz v. State, 89 Texas Crim. Rep. 515 and cases collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 525.

There was evidence that the article sold was whisky. This is sufficient to justify the finding that it was intoxicating. Black on Intoxicating Liquors; Sec. 521, p. 616; Cyc. of Law & Proc., Vol. 23, p. 266; Terry v. State, 44 Texas Crim. Rep. 411.

Complaint is made of the charge on suspended sentence in that it fails to refer to that part of the law limiting the authority of the jury, in recommending the suspended sentence, to cases in which the accused has not been convicted of a felony. The charge given told the jury that if they found the appellant guilty, the question whether the suspended sentence *should be recommended was within their power and discretion*. This apparently gave the jury unrestricted authority to recommend the suspended sentence, while the matter, the omission of which is complained of, would have restricted it. In failing to embrace the restrictions which the law placed upon the jury, the charge was unduly favorable to the appellant. For this reason his complaint of it is not meritorious.

In submitting the case to the jury, the court used this language:

"You are instructed that if you believe from the evidence that the defendant * * * did then and there unlawfully sell to Fred Furges spirituous liquor, capable of producing intoxication, then you will convict the defendant, etc. If you do not believe from the evidence you will acquit the defendant."

The complaint is made that the law of reasonable doubt was not embraced. In another paragraph of the charge, the court used this language: \\.

"The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him and say by your verdict not guilty."

The facts of the case bring it within the well-established rule that a charge on the law of reasonable doubt need not be given in connection with every phase of the case or proposition of the court's charge, but that it is enough to give it in regard to the whole case. See Branch's Ann. Tex. Penal Code, p. 5; Ashlock v. State, 16 Texas Crim. App. 23; Ferris v. State, 55 Texas Crim. Rep. 482; Wallace v. State, 97 S. W. Rep. 1051; McCullough v. State, 23 Texas Crim. Rep. 636; Vernon's Tex. Crim. Rep. Vol. 2, p. 684

Appellant did not deny the transaction in which he delivered the liquor in question to the alleged purchaser and received the money therefor The truth of his explanation was his sole defense. In a special charge, drawn by him, and given to the jury by the court, the jury was told that if in the transaction he was acting for the purchaser Furges, and he obtained the liquor for Furges as his friend and agent from one Koelski or Kojski and without profit to himself but for the sole purpose of obliging Furges, that they would find him not guilty, and if they had a *reasonable doubt* upon that subject an acquittal must result. The court having embraced the subject of reasonable doubt in the main charge and also having given it in direct connection with the appellant's affirmative defense of agency, for the purchaser, the demand of the law upon that subject was satisfied.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—We have examined appellant's motion for rehearing. Whether the wording of any charge is reversibly erroneous must depend upon he facts of each particular case, and in passing upon the matter the charge and special charges must be considered together as a whole. It is still our view that the court's charge in connection with the special charge given at appellant's request, could have left no question in the jury's mind that they must

find beyond a "reasonable doubt" the facts to be true upon which guilt depended, else they should acquit.

The motion for rehearing is overruled.

*Overruled.*