CLYDE BARNES v. THE STATE.

No. 13689.  Delivered November 12, 1930.
Rehearing denied January 28, 1931.
Reported in 34 S. W. (2d) 605.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

A witness for the State testified that he purchased a pint of whiskey from appellant and paid him $1.50 therefor. He refers to the article purchased throughout his testimony several times as "whiskey." The fact that it was such seems undisputed. He testified on cross-examination: "I did not get enough of the whiskey to feel it. I do not know whether the whiskey was intoxicating or not. * * * There were four of us on that one pint."

It is insisted that the evidence is insufficient to show that the liquor was intoxicating. We quote from Elms v. State, 103 Tex. Crim. Rep. 74:

"If the liquid in the bottles was whiskey, no further proof of its intoxicating qualities would be demanded. The courts take judicial knowledge of the fact that whiskey is an intoxicating liquor. Rutherford v. State, 49 Tex. Crim. Rep. 21; Lerma v. State, 194 S. W. 168." See also following authorities: Paschall v. State,

251 S. W. 1068; Runnels v. State, 101 Tex. Crim. Rep. 434; Welcheck v. State, 93 Tex. Crim. Rep. 271.

The indictment in this case contained two counts, the first charging the sale and the second the transportation of intoxicating liquor. The Court submitted in his charge to the jury only the first count and therein used the following language: "The defendant stands charged in the indictment with the offense of unlawfully selling intoxicating liquors." The verdict of the jury was as follows: "We, the Jury, find the defendant guilty as charged in the indictment and assess his punishment at one year's confinement in the penitentiary." Judgment was entered reciting that "Defendant, Clyde Barnes, is guilty of the offense of sale, and transportation of liquor as found by the jury." The sentence, however, which is the final judgment, adjudged appellant to be guilty only of the sale of intoxicating liquor. It is insisted that the verdict of the jury found the defendant guilty of two felonies and that the judgment which followed this is void. As before stated, the charge of the Court authorized a conviction only for a sale. We find no evidence in the record which would justify the conclusion that appellant was guilty of the transportation of liquor. The verdict, we think, applied to that only which was submitted by the court in his charge and supported by the evidence, which was the unlawful sale of intoxicating liquor. It is correctly contended, however, that the judgment is invalid. This would not necessarily operate as a reversal, as this Court has the power to reform such a judgment in order to make it speak the truth. Robinson v. State, 58 Tex. Crim. Rep. 557; Robison v. State, 68 Tex. Crim. Rep. 115; Tippins v. State, 86 Tex. Crim. Rep. 205; Beebe v. State, 99 Tex. Crim. Rep. 638; Ragusin v. State, 105 Tex. Crim. Rep. 218.

The final contention of appellant is that the court erred in permitting a witness to testify that he "seen prints of a pint bottle in Frank Kovar's pocket as he came back by the heater." This testimony was in corroboration of Kovar's testimony, who swore that he purchased the pint bottle at the back end of the store and came back by this witness, who was standing inside of the building. We think the objection goes to the weight rather than to the admissibility of the evidence.

The judgment here will be reformed so as to adjudge appellant guilty of the offense of the unlawful sale of intoxicating liquor and as so reformed, will be affirmed.

Reformed and affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant insists that we were in error in holding Wilson's testimony admissible to the effect that as Kovar came back through the domino hall witness saw the print of a pint bottle in his pocket, appellant's position being, as we understand it, that such evidence to corroborate Kovar would not be receivable unless Kovar had first testified that the whiskey he bought was in a pint bottle which he put in his pocket and had it there as he came back through the domino hall. Kovar, after testifying that he asked appellant if he had any whisky and receiving an affirmative reply, testified as follows:

"We crossed the street and went through the domino hall to the back and I got a pint of whisky from him there for which I paid one dollar and a half. Mr. Barnes got the whisky out of his pocket and handed it to me."

On re-direct examination he testified as follows:

"I saw Jerome Wilson on the day I bought the whisky there in the back of the domino hall from the defendant Clyde Barnes. As I came back into the domino hall after I bought the whisky Jerome Wilson was standing there by the stove. I do not think he was standing there as Barnes and I went through the domino hall. He was standing there as I came back through."

Wilson testified as follows:

"I first saw them (referring to Kovar and appellant) down in front of the cafe, talking; and they went through the domino hall and out the back, and within about two minutes they came back; by that time I was standing by the heater in the domino hall.  *  *  * I could not see anything, only just the print—I *seen* the prints of a pint bottle in Frank Kovar's pocket as he came back by the heater."

After appellant had been arrested and placed in jail another witness testified that he went to appellant's car and "found a pint bottle with just a little bit of whisky in it."

We think the foregoing quotations from the testimony demonstrate that the evidence complained of by appellant was properly admitted. If appellant got the whisky "out of his pocket" it was

evidently in a container which could also have been placed in the pocket of witness Kovar. Wilson's testimony relating the movements of appellant and Kovar and what he saw as Kovar came back through the domino hall tended to support Kovar's evidence with reference to the purchase of the whisky, and was not so unrelated thereto as to render his evidence inadmissible.

The motion for rehearing is overruled.

*Overruled.*