**Robert Wayne ATHEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–01191–CR.**

Court of Appeals of Texas, Dallas.

Sept. 17, 1985.

David Kennedy, Kennedy, Minshew, Campbell, Cain & Seidlits, Sherman, for appellant.

Stephen Davidchik, County Atty., Sherman, for appellee.

Before GUITTARD, C.J., and STEPHENS and VANCE, JJ.

GUITTARD, Chief Justice.

Appellant was indicted for intentionally and knowingly damaging and destroying a rent house by removing cabinets, sheetrock, and floor tiles. The trial court, sitting without a jury, found him guilty and gave him a probated sentence of three years. Appellant contends on appeal that the evidence is insufficient to show: (1) that he intended to damage and destroy the house; (2) that he did, in fact, damage *and* destroy the house; and (3) that the value of the property damaged and destroyed was more than $200. We hold that, although the evidence fails to show that the house was *destroyed*, there is evidence that it was damaged, as alleged in the indictment. We also hold that the evidence is insufficient to show that the damage caused a pecuniary loss of $200 or more; thus, we reverse appellant's conviction and remand the cause to the trial court for trial of the lesser included misdemeanor offense.

■ We disregard the State's brief because it was not filed in accordance with article 40.09, section 10 of the Texas Code of Criminal Procedure. The brief was filed on June 18, 1985, 89 days after appellant's brief was filed and one day before the date the appeal was set for submission. No motion was made to extend the time. Consequently, we take our statement of the evidence entirely from appellant's brief. TEX.R.CIV.P. 419; TEX.R.CRIM.APP.P. 211.

Appellant rented a house from the complainant, Dorothy Martinek in May 1982. Martinek discussed with appellant a sale of the house, but appellant could not raise the amount Martinek wanted for her equity. Therefore, appellant rented the house from Martinek until he could raise the money by selling his own house. He moved into the house with his wife and three children. Martinek testified that appellant represented that he would have the equity payment by August 1982. Appellant testified he hoped it would be August, but that Martinek had agreed to wait two years. Meanwhile, appellant agreed to pay, and did pay, the amount of Martinek's primary mortgage payments as rent each month. In addition, appellant paid the property insurance premiums on the house while he occupied it.

Appellant admits that he removed cabinets, sheetrock, and floor tiles from the laundry room. Appellant also testified that he did some rewiring, changed a drain, relocated a dryer vent, replaced the wood under a portion of the floor, and replaced damaged sheetrock in the laundry room. According to appellant, he had to take the cabinets out to repair the rotten floor. He burned the cabinets, which, he says, were also rotten.

Appellant had been in the cabinetmaking business between twelve and fifteen years. He made various other improvements to the house, apparently with Martinek's consent. He testified that he never intended to damage or harm Martinek but intended to buy the house if able and that he would have completed the work if he had been allowed to stay.

■ Appellant does not dispute that he intentionally and knowingly removed cabinets, sheetrock, and floor tiles from the house, but denies that he did so with intent to damage or destroy the house. We conclude that since he intended to remove the cabinets, sheetrock, and tiles without Martinek's consent, he had the requisite intent

to "damage" the house, although he may have intended to repair the damage.

The criminal mischief statute under which appellant was convicted provides:

§ 28.03. Criminal Mischief

(a) A person commits an offense if, without the effective consent of the owner:

(1) he intentionally or knowingly damages or destroys the tangible property of the owner; or

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person.

TEX.PENAL CODE ANN. § 28.03(a) (Vernon 1974). This statute does not require an intent to hurt or damage the owner, but only to damage or destroy the property without the owner's consent.[1] Thus, any intent appellant may have had to repair the damage and then restore whatever loss he may have caused the owner is immaterial. Since appellant intended to remove the cabinets, sheetrock, and floor tiles, his intent to repair this damage is immaterial.

■ Appellant's intent to buy the house is also immaterial to the statutory intent of section 28.03. He had made no binding contract to buy the house. He recognized that Martinek still owned it, and he was paying her rent. Thus, without his agreement, she could not have avoided the loss by demanding payment of the purchase price. Moreover, section 28.05 of the Penal Code provides:

It is no defense to prosecution under this chapter that the actor has an interest in the property damaged or destroyed if another person also has an interest that the actor is not entitled to infringe.

TEX.PENAL CODE ANN. § 28.05 (Vernon 1974). Under this statute any interest of appellant in the house as a result of his oral agreement with Martinek is no defense. Consequently, we hold that the evi-

---

1. We assume that the evidence supports a finding that appellant knew that this work was without Martinek's consent, since no question of consent is raised on this appeal.

dence is sufficient to establish the necessary culpable mental state.

■ We agree with appellant, however, that there is no evidence that defendant destroyed the house by removing the cabinets, sheetrock, and floor tiles from the laundry room. In fact, he continued to live in the house for a number of months after their removal. The judgment convicts him of "criminal mischief—damage and destroy." Section 28.03 defines the offense as conduct that "damages or destroys" the property in question. Under this statute the offense is complete if the property is damaged, though not destroyed. Accordingly, the recital of "damage and destroy" may be corrected by reforming the judgment to delete the words "and destroy." *Smith v. State,* 658 S.W.2d 685, 689 (Tex. App.—Dallas 1983, no pet.); TEX.CODE CRIM.PROC.ANN. art. 44.24(b) (Vernon Supp.1985); *see also Faugh v. State,* 481 S.W.2d 412, 413 (Tex.Crim.App.1972). Thus, the judgment's recital of "damage and destroy" does not present a ground for reversal. *Barnes v. State,* 116 Tex.Cr.R. 222, 34 S.W.2d 605, 606 (1930).

■ Lastly, we consider appellant's contention that the evidence is insufficient to establish a pecuniary loss of $200 or more.[2] We conclude that the evidence is insufficient to show that the pecuniary loss resulting from appellant's acts was $200 or more. The Penal Code provides that if the property is damaged, the amount of the pecuniary loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damages occurred." TEX. PENAL CODE ANN. art. 28.06(b) (Vernon 1974). This provision implies that the cost proved must be reasonable in amount and must be a necessary result of the damage done by the accused. *See Wise v. State,* 494 S.W.2d 921, 924–25 (Tex.Civ.App.— Fort Worth 1973, no writ) (applying former article 1350); *see also Crawley v. State,* 513 S.W.2d 62, 65 (Tex.Crim.App.1974).

There is evidence that the cabinets removed were old and rotten and that the walls, ceiling, and floor of the laundry room had previously sustained water damage, although the extent of this preexisting damage was disputed. In view of this testimony, the State had the burden to show that the repairs in question were reasonable and were a necessary result of defendant's acts, rather than a result of previous damage.

Martinek testified that she had received an estimate of $720 to replace the cabinets and an estimate of $245 to tape and bed the ceiling and walls of the laundry room. Martinek's father testified that labor and material to repair the laundry room would cost some $3000. There was no testimony, however, concerning the reasonableness of any of these amounts, nor was there evidence that any of the repairs included in these amounts were necessary as a result of appellant's removal of the cabinets and other items—as distinguished from other repairs made necessary by the deteriorated condition of the property, such as those necessary to repair the water-damaged ceiling, walls, and floor. We conclude, therefore, that the evidence is insufficient to show that the pecuniary loss resulting from appellant's acts was $200 or more.

In view of this holding, appellant must be acquitted of the felony offense of criminal mischief. *Robinson v. State,* 570 S.W.2d 906, 910 (Tex.Crim.App.1978); *Phillips v. State,* 672 S.W.2d 885, 887 (Tex.App. —Dallas 1984, no pet.). Accordingly, we reverse appellant's conviction and instruct the trial court to enter a judgment of acquittal of the felony offense of criminal mischief. Nevertheless, appellant is subject to prosecution for the lesser included misdemeanor offense of criminal mischief, the appropriate charge when the amount of pecuniary loss is $20 or more but less than $200. Acts 1973, ch. 399, § 28.03(b)(4)(A), 1973 Tex.Gen.Laws 883, 924. The misdemeanor is a lesser included offense because

---

**2.** At the time of the alleged offense, section 28.03(b)(4)(A) of the Penal Code classified the offense as a third degree felony if the pecuniary loss was more than $200 but less than $10,000. Acts 1973, ch. 399, § 28.03(b)(4)(A), 1973 Tex. Gen.Laws 883, 924.

"it differs from the offense charged only in the respect that a less serious injury to ... the same ... property ... suffices to establish its commission." TEX.CODE CRIM.PROC.ANN. art. 37.09(2) (Vernon 1981). Consequently, we remand the cause to the trial court for a new trial on the misdemeanor offense of criminal mischief in accordance with *Ex parte Harris,* 600 S.W.2d 791 (Tex.Crim.App.1980).

Reversed and remanded.