Myrna DORADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–95–264–CR.

Court of Appeals of Texas,
Corpus Christi.

March 6, 1997.

Roberto H. Mendoza, Brownsville, for Appellant.

Robert H. Moore, Jr., Asst. County Criminal Dist. Attorney, Yolanda De Leon, District Attorney, Brownsville, for Appellee.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

**OPINION**

FEDERICO G. HINOJOSA, Jr., Justice.

A jury convicted appellant of criminal mischief of at least $750.00 but less than $20,-000.00.[1] The trial court assessed punishment at two years' confinement, probated for two years, and restitution in the amount of $2,415. By two points of error, appellant

1. Act of May 24, 1983, 68th Leg., R.S., ch 497, § 1, 1983 Tex.Gen. Laws 2919, 2920 (amended 1993)(current version at TEX. PENAL CODE ANN. § 28.03 (Vernon 1994)).

contends that the evidence is legally and factually insufficient to prove 1) the amount of pecuniary loss suffered by the victim and 2) that the offense occurred in Cameron County, Texas. We affirm.

Appellant and her husband rented a mobile home from Maria Elena Perez in 1993. Approximately one year later, Perez gave appellant's husband a notice to vacate the mobile home. When appellant vacated the mobile home, she vandalized and caused extensive damage to it. The indictment alleged that on or about March 1, 1994, appellant,

in the County of Cameron and State of Texas, did then and there unlawfully, intentionally, and knowingly damage tangible property, to wit: mobile home trailer, by striking said mobile home trailer with a hammer, tearing down drapes, breaking windows, tearing carpet and disabling air conditioner, without the effective consent of MARIA ELENA PEREZ, the owner, and did thereby cause pecuniary loss of at least $750.00 but less than $20,000.00, against the peace and dignity of the State.

By her first point of error, appellant complains that the trial court erred in denying her motion for directed verdict. Appellant contends that the evidence is legally and factually insufficient to prove the amount of pecuniary loss charged in the indictment. Appellant contends that the evidence presented by the State's witnesses concerning an estimate of the damages is insufficient to prove the cost of repairs as required by section 28.06(b) of the Penal Code. Appellant also contends that the State failed to prove the reasonableness of the amount of repairs or that the damages resulted from appellant's actions.

When we review the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim.App. 1995); *Turro v. State*, 867 S.W.2d 43, 46–47 (Tex.Crim.App.1993); *Arceneaux v. State*, 803 S.W.2d 267, 269 (Tex.Crim.App.1990).

We also apply this standard to cases involving circumstantial evidence. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App. 1991), *cert. denied*, 513 U.S. 966, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994); *Geesa v. State*, 820 S.W.2d 154, 158 (Tex.Crim.App.1991). We measure the legal sufficiency of the evidence against the indictment as incorporated into the jury charge. *Fisher v. State*, 887 S.W.2d 49, 55 (Tex.Crim.App.1994); *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Crim.App.1982)(opinion on rehearing), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984).

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Clewis v. State*, 922 S.W.2d 126, 133–34 (Tex.Crim.App.1996). A factual sufficiency review is appropriate if the evidence is legally sufficient for a fact issue to be resolved by a jury. *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd); *see Clewis*, 922 S.W.2d at 134. Under a factual sufficiency review, we are not bound to view the evidence in the light most favorable to the prosecution. *Stone*, 823 S.W.2d at 381. Rather, we are free to consider the testimony of all the witnesses. *Id.*

■ If the property has been damaged, the pecuniary loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." TEX. PENAL CODE ANN. § 28.06(b) (Vernon 1994). There is no requirement that the damaged property must actually be repaired. *Elomary v. State*, 796 S.W.2d 191, 193 (Tex. Crim.App.1990).

■ Maria Elena Perez testified that she consulted with Juan Garcia, a contractor, who gave her an estimate of approximately $2,400.00 to repair the damage to her mobile home. Juan Garcia testified that he had been doing carpentry, remodeling, and repair work for six years. At the time of trial, Garcia had a contract with the Farmers Home Administration. Garcia testified that he had seen the mobile home and that he had given Maria Elena Perez an itemized esti-

mate of the cost of materials and labor needed to make the necessary repairs. Garcia testified that he estimated the cost of repairs to be as follows:

| | | |
|---|---|---:|
| (a) | flooring, linoleum, & carpeting | $ 440.00 |
| (b) | windows & screens | 120.00 |
| (c) | wall paneling & trim | 300.00 |
| (d) | air conditioner ducts | 75.00 |
| (e) | air conditioner control | 200.00 |
| (f) | light fixtures, floor holders, & fire alarm | 400.00 |
| (g) | labor | 880.00 |
| | Total cost | $2,415.00 |

Garcia testified that he did not make the repairs. Maria Elena Perez's husband made the repairs.

Relying on *Sebree v. State*, 695 S.W.2d 303, 305 (Tex.App.—Houston [1st Dist.] 1985, no pet.), appellant contends that an estimate of damages or an opinion on the amount of damages without further evidence is insufficient to prove the cost of repair. The Court of Criminal Appeals agrees with *Sebree* if the source of the testimony is an individual who is not competent to give an expert opinion on repair costs and merely gives an "off-the-wall" lay opinion. *Elomary*, 796 S.W.2d at 193. *Elomary* distinguishes between an individual that merely gives an opinion concerning what the amount of damages might be or what someone else says the damages might be, and a qualified expert who gives an opinion concerning the fair market value of the cost of repairs to the damaged property. *Id.* at 193–94.

In the instant case, the State showed that Garcia was a qualified expert who could testify concerning the fair market value of the cost of repairs to the mobile home. Garcia estimated that the cost of materials and labor needed to repair the mobile home was $2,415.00.

■ Appellant also argues that the State failed to show that the cost of repairs was a reasonable amount and that the repair values represented only those values which were necessary to repair the damage inflicted by her. The cost of repair is the proper method of proving pecuniary loss of damaged property, and proof of the reasonableness of the amount of repairs is not required. *Kinkade v. State*, 787 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Appellant

relies on *Athey v. State*, 697 S.W.2d 818 (Tex.App.—Dallas 1985, no pet.), to support his argument. *Athey*, however, involved more than repairs to fix the damage inflicted by the defendant; the repairs enhanced the value of the property. *See id.* at 821.

Appellant argues that the estimate encompassed a pre-existing condition. After reviewing the record, we find that the only possible problem in Garcia's estimate concerned the floors. The State presented evidence that appellant used a hammer to make holes in the floor. However, in his testimony, Garcia referred to "rotting floors." Nevertheless, even if we deducted the cost of flooring, linoleum & carpeting and the cost of labor (because Garcia did not do the work), we would still have damages in the amount of $1,095.00.

We hold that the evidence is legally and factually sufficient to support the charge that appellant caused pecuniary loss of at least $750.00 but less than $20,000.00. We overrule appellant's first point of error.

By her second point of error, appellant contends that the evidence is legally and factually insufficient to prove that the offense was committed in Cameron County, Texas.

Maria Elena Perez testified that she lived in the City of Los Fresnos in Cameron County, Texas and that the mobile home that she leased to appellant was located adjacent to her residence. She also testified that she owned the property and it was located in Los Fresnos. The mobile home was inspected by city inspectors from Los Fresnos before appellant moved into it. Garcia testified that he inspected the mobile home which was situated in Los Fresnos. On numerous occasions, police officers from the Los Fresnos Police Department responded to complaints at Perez's and appellant's residences.

We hold that the evidence is legally and factually sufficient to show that the offense was committed in Cameron County, Texas. We overrule appellant's second point of error.

We AFFIRM the trial court's judgment.