# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00680-CR

### Krystal Cruz, Appellant

### v.

### The State of Texas, Appellee

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 622750, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Krystal Cruz appeals her conviction for a Class A misdemeanor offense of criminal mischief involving a pecuniary loss of $500 or more but less than $1500. *See* Tex. Pen. Code Ann. § 28.03(a)(1), (b)(3)(A)(1) (West Supp. 2004).[1] A jury found appellant guilty of the Class A misdemeanor as alleged. The trial court assessed appellant's punishment at confinement in the county jail for one year and a fine of $2,000. The imposition of the sentence was suspended and appellant was placed on community supervision for two years subject to certain conditions.

## Points of Error

Appellant advances three points of error. First, appellant contends that the evidence is legally and factually insufficient to support the conviction because the State failed to present

---

[1] The present code provision is cited for convenience.

evidence as to the destruction and damage of the property. Second, appellant again complains about the legal and factual sufficiency of the evidence because the State failed to present evidence of the fair market value of the property.[2] Third, appellant asserts that her constitutional right to the effective assistance of trial counsel was violated.

In point of error two, appellant appears to complain that the evidence is insufficient because the record shows that the "vehicle window" alleged was not merely damaged but destroyed, and the State failed to establish pecuniary loss by establishing the fair market value of the "vehicle window" as required by section 28.06(a)(1). *See* Tex. Pen. Code Ann. §28.06(a)(l) (West 2003). The State disagrees with appellant's reasoning but acknowledges that the ultimate conclusion may be correct. The State contends that the evidence shows the "vehicle window" was damaged, not destroyed, and a different standard for establishing pecuniary loss is required—the cost of repairing or restoring the damaged property. *See id.* § 28.06(b). The prosecution confesses that it may not have proven pecuniary loss under this latter standard and that the evidence is legally insufficient. An explanation is in order. In considering point of error two, we begin with the law.

**Applicable Law and Background**

Section 28.03 of the Texas Penal Code provides in pertinent part:

(a)   A person commits an offense if, without the effective consent of the owner:

---

[2] In both the first and second points of error, appellant combines her challenges to the legal and factual sufficiency of the evidence. The better practice is to present different points of error, separately briefed. The standard of review for each is different.

> (1) he intentionally or knowingly damages or destroys the tangible property of the owner.
>
> (b) Except as provided by subsections (f) and (h), an offense under this section is:
>
> (3) a Class A misdemeanor if
>
> (A) the amount of the pecuniary loss is :
>
> (i) $500 or more but less than $1500

*Id.* § 28.03(a)(1), (b)(3)(A)(i).[3]

Section 28.06 of the Texas Penal Code provides in pertinent part:

> (a) The amount of pecuniary loss under this chapter, if the property is destroyed, is:
>
> (1) the fair market value of the property at the time and place of the destruction; or
>
> (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction.
>
> (b) The amount of pecuniary loss under this chapter, if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred.

*Id.* § 28.06(a)(1)(2), (b).

The criminal mischief statute is worded disjunctively to allow for prosecution if a person "damages or destroys tangible property. . . ." *See id.* § 28.03(a)(1); *Cullen v. State*, 832 S.W.2d 788, 796 (Tex. App.—Austin 1992, pet. ref'd); *Athey v. State*, 697 S.W.2d 818, 821 (Tex.

---

[3] Subsections (f) and (h) of section 28.03 of the Texas Penal Code are inapplicable to the instant case. *See* Tex. Pen. Code Ann. § 28.03(f), (h) (West Supp. 2004).

App.—Dallas 1985, no pet.). When the prosecution alleges conjunctively in a charging instrument that a defendant "damages *and* destroys" tangible property under section 28.03(a)(1), the State can either prove damage to property or destruction of property to support the charge. *Moreno v. State*, 861 S.W.2d 512, 514 (Tex. App.—San Antonio 1997, no pet.); *Cullen*, 832 S.W.2d at 796; *Milo v. State*, 748 S.W.2d 614, 617 (Tex. App.—San Antonio 1988, no pet.). Under the statute, the offense is complete if the property is damaged though not destroyed. *Athey*, 697 S.W.2d at 821. "Destroy" could refer to total or partial destruction. *Cullen*, 832 S.W.2d at 796-97. The theory relied upon by the State, be it damage or destruction, determines what the State must prove regarding the amount of pecuniary loss. *See* Tex. Pen. Code Ann. § 28.06(a), (b); *Moreno*, 861 S.W.2d at 514.[4]

The one count information alleged in pertinent part that appellant on or about September 22, 2002:

> did then and there intentionally and knowingly damage and destroy tangible property, to wit: a vehicle window by hitting said window with a baseball bat, without the effective consent of Mia Guerra, the owner of said vehicle, the said damage amounting to a pecuniary loss of $500 or more but less than $1500.

It is observed that in the instant case the State charged in the conjunctive "damage and destroy," which permitted the prosecution to prove either theory. However, the information also alleged "the said *damage* amounting to a pecuniary loss of $500 or more but less then $1500." (Emphasis added). This subsequent allegation appears to limit the prosecution's flexibility in

---

[4] Further, the amount of pecuniary loss determines the severity and range of punishment for the crime of criminal mischief. *See* Tex. Pen. Code Ann. §§ 28.03, .06 (West 2003 & Supp. 2004.) For a general discussion of the crime, *see* 6 Michael B. Charlton, *Texas Practice: Texas Criminal Law* § 15.3 (2001).

proving its case. *Cf.* 7 Michael J. McCormick, et al., *Texas Practice: Criminal Forms and Trial Manual* § 9.09 (1995).

There was no motion to quash or set aside the information. The limitation was not noticed by the parties, called to the trial court's attention, or briefed on appeal. In submitting the case to the jury, the trial court tracked the information without objection. No lesser included offenses were submitted to the jury. A general verdict was returned: "We, the jury, find the defendant Krystal Cruz 'guilty' of the offense of criminal mischief." The formal judgment merely reflects a conviction for "criminal mischief," which obviously was a Class A misdemeanor.

With this background, we now turn to the facts produced.

**Facts**

Shortly before five o'clock on Sunday morning, September 22, 2002, seventeen-year-old Mia Guerra was awakened by a loud noise outside her bedroom window in an apartment complex at 5112 South First Street in Austin. She looked outside and into the parking lot below her bedroom window. She saw appellant Cruz hitting on the rear window of her (Mia Guerra's) car. Mia called her mother who was asleep in another room of the apartment. Mia related that she saw Cruz leave the scene as a passenger in a blue Pontiac Sunfire owned by Merry Canales, whom Mia considered to be a friend. Mia acknowledged that she and Krystal Cruz had had prior difficulties. They were both dating the same young man.

Anita Guerra, Mia's mother, was aroused by Mia's call. She came to Mia's bedroom window and saw appellant, whom Mia identified, hitting Mia's parked car with a baseball bat.

5

Appellant last hit on the rear window of the car, and it was "already all shattered, completely." She saw appellant get into the backseat of another car, which was driven away. Mrs. Guerra ran outside in an unsuccessful attempt to get the license plate number of the departing automobile. She then telephoned 911.

Both Mia and Mrs. Guerra identified the allegedly damaged automobile as Mia's. The title was in her father's name. Neither witness described the make and model of the vehicle. Several photographs of the automobile were introduced. The automobile appears to be a late model Honda Civic SL. State exhibit number two shows the entire rear window of the vehicle broken out except for several jagged pieces remaining in the frame. The glass window was clearly beyond repair. Mia Guerra testified that she did not give consent to appellant to damage or destroy the vehicle window as alleged.

The only evidence in the record of pecuniary loss was elicited from Anita Guerra. She testified that she and her ex-husband paid for the repair to Mia's car. The record then reflects:

> Q. And can you tell the jury how much the damages were?
>
> A. The total was 1025.37.
>
> Q. And what was that for?
>
> A. That was for fixing the glass, the trunk lid, and a tray that goes behind the glass. I guess it's for the defroster, which is the most expensive part.

This appears to be the extent of the State's evidence on the subject of repair. The costs were not itemized. The "glass" fixed or replaced was not identified. The "vehicle window"

6

as alleged was not mentioned. There was no showing that items listed were all directly related to appellant's acts and not to some prior condition of the property.[5]

Appellant denied the offense and testified that she was not at the scene as she had spent the weekend with a friend, Rachel Mendez. Merry Canales testified that she was home sick on the occasion in question, and she had the only key to her car with her at the time.

## Discussion

Appellant's position is that the "vehicle window" as alleged was destroyed. This is supported by Mrs. Guerra's description of the rear window as being "all shattered completely" and the photographs of the rear window in evidence.[6] Under section 28.06(a)(1), (2), if the property is

---

[5] *See* 6 Michael B. Charlton, *Texas Practice: Texas Criminal Law* § 15.3 (2001).

[6] What this Court stated in *Cullen v. State*, 832 S.W.2d 788, 796-97 (Tex. App.—Austin 1992, pet. ref'd), is pertinent here:

> The appellant, the State, and the trial court all agreed that "destroy" is not statutorily defined. It follows that the term's meaning should be determined by its common usage. *See* Tex. Gov't Code Ann. § 311.011 (1988). Appellant and the State have provided us with dictionary definitions of the word "destroy." We have consulted our own dictionaries as well.[7]

> After reviewing all of these definitions, we believe that a jury could find that the Treaty Oak had been "destroyed," notwithstanding the fact that, at the time of trial, one-third of the tree contained less than toxic amounts of the chemical herbicide. We conclude that "destroy" could refer to total or partial destruction.

[7] Our own dictionaries define the term as follows:

> "Destroy: 1. to reduce (an object) to useless fragments, a useless form, or remains, as by rending, burning, or dissolving; injure beyond repair or renewal."

7

destroyed, the amount of pecuniary loss is determined by the fair market value of the property at the time and place of destruction.  If fair market value cannot be ascertained, the pecuniary loss is determined by the cost of replacing the property within a reasonable time after the destruction.  Appellant is correct in pointing out that the State made no effort to show the fair market value of the destroyed property or that it could not be ascertained.

On the other hand, the State contends that the evidence only shows that the "vehicle window" was damaged, not destroyed.  The State urges that the criteria for determining the amount of pecuniary loss is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred, according to section 28.06(b).  The State, however, confesses error:

> Because the record offers no evidence of what it cost to repair the car window that Cruz [appellant] damaged, the State's proof fails on the element of pecuniary loss.  The evidence is therefore insufficient and an order of acquittal must be entered.  *Deas v. State*, 752 S.W.2d at 576 [*Deas v. State*, 752 S.W.2d 573, 576 (Tex. Crim. App. 1988)].

In reviewing a legal sufficiency question, we review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mason v. State* , 905 S.W.2d 570, 574 (Tex. Crim. App. 1995); *Butler v. State*, 769

---

The Random House Dictionary of the English Language 540 (2d. ed. 1987).  Consider also the following definition:

"Destroy:  to ruin completely; spoil so that restoration is impossible."

The American Heritage Dictionary of the English Language 358 (1973).

8

S.W.2d 234, 239 (Tex. Crim. App. 1989); *Cullen*, 832 S.W.2d at 797.  In light of our discussion, we conclude that no rational trier of fact could have found all the essential elements of the Class A misdemeanor as charged beyond a reasonable doubt.  It matters not whether the "vehicle window" was damaged or destroyed.  The second point of error is sustained.  The evidence was legally insufficient to support the conviction.

Accordingly, appellant is ordered acquitted as is required in a reversal for insufficiency of the evidence to support the conviction.  *See Burks v. United States*, 437 U.S. 1 (1978); *Grenne v. Massey*, 437 U.S. 19 (1978).

In light of our disposition of the second point of error, we do not reach the first and third points of error.

The judgment of conviction is reversed and a judgment of acquittal is rendered.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Reversed and Rendered

Filed:  March 11, 2004

Do Not Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).