Opinion issued October 19, 2006











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01105-CR




MALLORY GLENN LIVINGSTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1335838




MEMORANDUM OPINION
          Appellant, Mallory Glenn Livingston, was charged by information with assault
of a family member, a Class A misdemeanor. Appellant pleaded not guilty, and the
jury found appellant guilty as charged and assessed punishment at confinement for
180 days. In two issues, appellant challenges the legal and factual sufficiency of the
evidence to support the jury’s verdict. We affirm.
BACKGROUND
          On January 28, 2005, Houston Police Officers Eckert and Slater responded to
a domestic disturbance call at appellant’s apartment. The officers testified at trial
that, when appellant answered the door, he appeared agitated and sweaty, as if he had
been involved in some sort of physical activity. The officers heard crying coming
from the rear of the apartment, and appellant attempted to stop them when they
entered the apartment to investigate further. Eckert described appellant as belligerent. 
Slater handcuffed appellant and stayed with him while Eckert went to the bedroom
to investigate the crying sounds. Eckert discovered complainant, Larrette Herald,
lying on a bed in the back bedroom, crying. Her dress was ripped, and she was
talking on the phone with a person later determined to be her sister. 
          Officer Eckert testified that, while complainant was upset and crying, she told
him that she and her boyfriend had “gotten into it” and she had tried to call her sister
on the phone. She said that he did not want her to do that, so he held her down,
grabbed the phone away from her, and hit her in the side of the face with the phone.
Eckert testified that he observed a large red mark about the size of a tennis ball on the
side of the complainant’s face. According to Eckert, the complainant made it clear
that she felt pain, and the injury he observed was consistent with being struck with
a hand or an object. When the officers continued asking her questions, complainant,
who was five months pregnant with appellant’s child, stopped answering them. On
cross-examination, Eckert testified that complainant told him that “she got hit by the
phone while [appellant] was holding her down cause he didn’t want her talking on the
phone.”
          Tamicka Yates, one of complainant’s sisters, testified that she was on the
phone with complainant and that complainant sounded angry and upset. She stated
that complainant was telling appellant to stop and that appellant was trying to take the
phone. She said that complainant did not say “stop hitting me.” She testified that
complainant told appellant to leave her alone. She said there was a struggle and the
phone dropped. She testified that appellant took the phone, “cussed us out,” and hung
up. She stated that she had dialed a three-way connection to get her other sister on
the line and that she called 9-1-1. She then went over to appellant’s apartment
because she thought complainant might be in some danger. She testified that
complainant’s left eye “was messed up” and that it was swollen and discolored. She
stated that complainant explained that appellant did not hit her and that she might
have hit her eye on the doorknob or the phone. 
          Nicole Yates, complainant’s other sister, testified that Tamicka called her at
work and told her that complainant had been in a fight. Tamicka then called
complainant to put them on a three-way conversation. Nicole testified that when the
phone was picked up, she could hear yelling, crying, and “cussing.” She heard the
voices of complainant and appellant. She heard complainant say, “You shouldn’t
have hit me.” She testified that she and Tamicka did not talk to complainant at that
time, but could hear her voice in the background. She stated that appellant hung up
the phone. She testified that, when she saw complainant the next day, complainant
had a black eye.
           Complainant’s mother testified that she saw complainant on the evening of the
attack, that she saw complainant’s black eye, and that complainant would not say how
she was injured. Complainant’s mother also testified that there was a previous
incident in which appellant cut complainant’s face when he hit her with a can. 
Houston Police Officer Oliver confirmed this earlier incident. Oliver testified that
complainant told him that she and appellant were in an argument over her talking to
a neighbor, and that appellant punched her in the face and head several times.
          Complainant testified for the defense and contradicted the statements of the
police, her sisters, and her mother. She stated that she was lying on the bed, watching
television, and was not talking to her sister on the telephone when police arrived. She
testified that appellant did not hit her and claimed that she never told police that he
did hit her. She said that she had a mark on her face, but not a black eye. 
Complainant said that appellant had the receiver of the phone in his hand and that,
when she pulled the receiver by the cord, he let go and the phone snapped back and
hit her in the face. She also testified that she had told the police the same thing
regarding how she got the mark on her face. 
DISCUSSION
Standard of Review 
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the verdict to determine “whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          When reviewing the factual sufficiency, the court must view all the evidence
in a neutral light and may set aside the verdict only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or the contrary evidence is so strong
that the “beyond a reasonable doubt” standard of proof could not have been met. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004), cert. denied, 544
U.S. 950, 125 S. Ct. 1697 (2005). We must consider the most important evidence
relied on by appellant. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
           Under both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.]
2003, pet. ref’d). The jury may believe all, some, or none of any witness’s testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
Legal Sufficiency of the Evidence
          Evidence of Intentional and Knowing Injury
          Appellant contends that the evidence is legally insufficient to support the jury’s
verdict because the State did not prove, beyond a reasonable doubt, that he
intentionally and knowingly struck complainant. To secure a conviction for assault,
the State must prove that an accused “intentionally, knowingly, or recklessly caused
bodily injury to another, including the person’s spouse.” Tex. Pen. Code Ann.
§ 22.01(a)(1) (Vernon 2005). 
          Eckert testified that when he first spoke to complainant, she stated that
appellant grabbed the phone from her and hit her in the side of the face with it. On
cross-examination, Eckert, refreshing his memory with the incident report, which was
written by Slater, stated that complainant said she “was hit” by the telephone while
appellant held her down. Eckert testified that complainant was very upset when she
first told him about the altercation, but that she changed her story after she had
calmed down. Tamicka testified that, during a telephone call, she heard complainant
telling appellant to stop and to leave her alone. Nicole testified that, during a
telephone call, she heard complainant say, “You shouldn’t have hit me.” Both sisters
and their mother testified that complainant had a “black eye” or that the eye was
swollen and discolored. The testimony of Eckert, Tamicka, Nicole, and
complainant’s mother was legally sufficient to support the jury’s finding that
appellant intentionally and knowingly struck complainant. 
          Viewing the evidence in the light most favorable to the verdict, we find that a
rational jury could have found, beyond a reasonable doubt, that appellant
intentionally and knowingly caused injury to complainant. 
          Variance Between Pleadings and Proof
          Appellant also complains that the evidence is legally insufficient because there
is a variance between the allegations in the charging instrument and the evidence. 
The information alleged that appellant, “on or about JANUARY 28, 2005, did then
and there unlawfully intentionally and knowingly cause bodily injury to
[complainant], a member of [appellant]’s FAMILY, . . . by STRIKING THE
COMPLAINANT WITH AN UNKNOWN OBJECT.” Appellant argues that,
because “All of the witnesses testified that she was struck with a telephone,” there is
no evidence that the complainant was struck with an unknown object. 
          A variance occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001) (reaffirming fatal variance doctrine and adopting materiality
test). When a charging instrument alleges an unknown fact, and the proof at trial
shows that the fact is known, the State has the burden to prove (1) that the affiant who
signed the information or the grand jury that handed down the indictment did not
know the fact and (2) that they used reasonable diligence to ascertain the fact. 
Kinkade v. State, 787 S.W.2d 507, 510 (Tex. App.—Houston [1st Dist.] 1990, no
pet.) (citing Edlund v. State, 677 S.W.2d 204, 209 (Tex. App.—Houston [1st Dist.]
1984, no pet.)). However, when the proof at trial does not show that the fact is
known, a prima facie case exists in the State’s favor. Id. (citing Scott v. State, 732
S.W.2d 354, 359 (Tex. Crim. App. 1987)). 
          In this case, it is not true that “[a]ll of the witnesses” testified that complainant
was struck with a telephone. Eckert testified that complainant said she was struck
with a telephone. He also testified that complainant’s injury was consistent with
being struck with an object or a hand. Complainant’s mother and sisters testified
about complainant’s injury, but they did not identify the object that caused the injury. 
Tamicka testified that complainant told her that “maybe” she hit her eye on a
doorknob or the telephone. Thus, there is no evidence that, at the time the
information was prepared, and up to the time of trial, the object that caused
complainant’s injury was known. At trial, complainant testified that she was hit by
the telephone receiver when she pulled on the cord and appellant let go of the
receiver. 
          The only eyewitnesses to the incident were appellant and complainant. 
Complainant testified that she “was hit” with the telephone receiver, but denied that
appellant intentionally hit her. Appellant did not testify. Other witnesses testified
regarding complainant’s injury, but did not specifically identify the object that caused
the injury. Thus, the proof at trial did not show that the object was known, and the
State’s prima facie case that the object was unknown was not rebutted. Therefore,
there is no fatal variance between the information and the proof. 
          We overrule appellant’s first issue. 
Factual Sufficiency of the Evidence
          Appellant contends that, after Eckert corrected his testimony, there was no
conflict in the evidence and there was no evidence that appellant intentionally and
knowingly caused complainant’s injury. He argues that, for these reasons, the
evidence is factually insufficient to support the jury’s finding of guilty. 
          Eckert’s “corrected” testimony was still in conflict with complainant’s
testimony. Complainant testified that she told the police that the telephone receiver
“hit me in the face” when she pulled on the phone cord and complainant “let go” of
the receiver. Eckert’s “corrected” testimony was that complainant told him she “got
hit” by the telephone “while he was holding her down.” Furthermore, Nicole’s
testimony that she heard complainant say “You shouldn’t have hit me” conflicted
with complainant’s testimony. 
          The jury, as the exclusive judge of the facts and the credibility of the witnesses,
was entitled to believe all, some, or none of any witness’s testimony. Sharp, 707
S.W.2d at 614. Viewing this evidence in a neutral light, we conclude that the
evidence is not so weak that the verdict is clearly wrong and manifestly unjust, and
that the contrary evidence is not so strong that the beyond-a-reasonable-doubt
standard of proof could not have been met. See Escamilla, 143 S.W.3d at 817. 
Accordingly, we overrule appellant’s second issue.CONCLUSION
          We affirm the judgment.
 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley. 

Do not publish. See Tex. R. App. P. 47.2(b).